Ronald J. BECKLEY and June C. Beckley, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 178–149.

United States District Court, S. D. Georgia, Augusta Division.

March 27, 1980.

**124**

Barnee C. Baxter, Jr., Augusta, Ga., for plaintiffs.

William T. Moore, Jr., U.S. Atty., Savannah, Ga., John F. Murray, Chief, Civ. Trial Division, Lawrence Sherlock, Tax Div., Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

BOWEN, District Judge.

Plaintiffs seek a refund of taxes paid for the taxable year 1974. They claim the right to deduct certain expenses incurred for flight training by plaintiff Ronald J. Beckley. The case was tried before the Court on February 14, 1980. The facts are largely undisputed. Having considered the pleadings, the evidence, and the arguments of counsel, the Court hereby enters, in narrative form, the following

## FINDINGS OF FACT

Ronald J. Beckley and June C. Beckley are married and filed a joint federal income tax return for the year 1974. Ronald J. Beckley [Beckley] began his employment as a special agent for the Federal Bureau of Investigation [FBI] in November, 1970. At that time, he held a private pilot's certificate and the FBI was so advised. A private pilot's certificate is the basic pilot's license issued by the Federal Aviation Administration. It permits a pilot to carry passengers, but not for hire. It does not authorize the pilot to operate an aircraft in poor or "instrument" weather conditions.

In the course of his employment as a special agent for the FBI, Beckley was called upon to act as a pilot on official business on approximately 20 occasions from 1970 to 1974. Often, his missions had to be canceled or the flight aborted because of adverse weather conditions.

In 1971, Beckley sought and obtained a certificate of eligibility for a program of education or flight training from the Veterans Administration [VA]. In his application, he requested VA benefits which would enable him to attend virtually any flying school and receive all of the instructions which was necessary to qualify him as an airline pilot. Beckley did not intend to become an airline pilot, but he did intend to use his VA eligibility to take as many flying courses as he could. He did not use the certificate of eligibility which was issued in 1971.

After he was assigned to his present duty station, Beckley applied again for a certificate of eligibility and received same. It was virtually identical to the first certificate. Pursuant to the second certificate of eligibility for VA educational benefits, Beckley studied for and obtained pilot's certificates and ratings in the following order: (1) instrument rating, (2) commercial pilot's certificate, (3) certified flight instructor's rating. The commercial pilot's certificate was obtained by Beckley almost immediately after he received his instrument rating. Because of the training he had received in obtaining his instrument rating, he had only

to take a flight test to receive his commercial certificate. Beckley's training for the instrument rating greatly improved his theoretical and practical flying abilities and enabled him to take and pass all of the exams required for the commercial pilot's certificate without extra study or training.

After receiving his instrument rating and commercial pilot's certificate, Beckley's flight activities for the FBI increased markedly. Recognition of his increased ability and contribution to his job performance was reflected in his annual performance ratings.

Since becoming a certified flight instructor, Beckley has given flight instruction to other special agents and to some members of the public for which he has received compensation. He has instructed the public in a continuing effort to maintain his license and ratings in a current status.

The deductions sought by the plaintiffs affect their return for the year 1974 only.

The FBI formally recognized the importance of flight capability in its investigatory duties in 1975 and promulgated guidelines for FBI flight operations. These guidelines are in evidence as P–1. The role of aviation in connection with FBI activities has steadily increased. During the last year, plaintiff has been engaged in flying and flying-related activities on official business for the majority of his time. He has even operated an airport in an undercover capacity. Beckley is a designated pilot-in-command for his district.

When Beckley received the instrument rating, he had only a private pilot's certificate. At that point in time, he was not lawfully able to fly an airplane or carry passengers for hire. After he received his commercial pilot's certificate, he was lawfully entitled to carry passengers for hire in an airplane. The instruction and training which Beckley received prior to obtaining his instrument rating enabled him to pass, without further study, his commercial pilot tests. The instrument instruction however, did not necessarily lead to his qualification as a commercial pilot. To obtain an instrument rating, whether on a private or commercial certificate, is a feat of far greater

significance than to pass a commercial pilot test. An instrument rating is not a necessary step toward obtaining a commercial pilot's certificate. The flight training program in which Beckley was engaged was designed to provide to veterans all of the necessary training to obtain the instrument rating and commercial pilot certificate. The program was not designed by Beckley.

Upon the foregoing findings of fact, the Court has applied the following

## CONCLUSIONS OF LAW

■ This Court has jurisdiction of this case pursuant to the provision of 28 U.S.C. § 1346(a)(1). The fact that most of the cost of Beckley's flight training was paid by the Veterans Administration does not affect his entitlement to a deduction if the right otherwise exists. Revenue Ruling 62–205.

■ For the purposes of computing taxable income, trade or business expenses are allowed as deductions under § 162 of the Internal Revenue Code. An educational expense such as flight training is deductible from gross income if it is required for the maintenance or improvement of skills required in an individual's employment. However, a deduction may not be taken for training which is required to meet the minimum educational requirements for the position in which the taxpayer is employed. Also, educational expenses cannot be deducted from gross income if they qualify the taxpayer for a new trade or business. 26 C.F.R. § 1.162–5.

■ There are some indications to the effect that the taxpayer Beckley would ultimately receive training in the VA program which would equip him for a new trade or business, that being a commercial pilot or flight instructor. However, his real intent was to improve his flying skills and to enhance his job performance as a special agent for the FBI.

When he received the instrument rating on his existing private pilot's certificate, Beckley was not entitled to fly or carry passengers for hire. 14 C.F.R. § 61.118,

§ 61.139. The fact that he subsequently received his commercial pilot's certificate does not vitiate the deductibility of all expenses for flight training previously received by him. The fact that he was coincidentally prepared to take a test which would subsequently qualify him to fly for hire is not disqualifying.

Beckley's passage of the commercial pilot's certificate test was nothing more than a mere demonstration of his prowess as a pilot. His intent was to gain the knowledge and expertise to operate an aircraft in adverse weather conditions. This ability would greatly enhance his job performance. He was often called upon by the FBI to operate aircraft on official business in surveillance and other activities. Hence, the improvement of his skill as a pilot was the improvement of the skill required of Beckley in his employment. His receipt of the commercial pilot's certificate did nothing to increase or diminish his skill to operate an airplane in bad weather.

Virtually all of the flight training and skills which Beckley has received in the VA flight training program has improved his skills and proficiency as a special agent for the FBI. While it is implicit that the acquisition of an instrument rating is beneficial to a commercial pilot for employment purposes, the rating is not essential. It is the actual certification as a commercial pilot or flight instructor which explicitly permits the holder of the certificate to charge and receive compensation for pilot services. There is nothing in an instrument rating which entitles one to compensation.

Beckley's training for the instrument rating, while coinciding with much of the training to pass the commercial pilot's test, is legitimately directed toward the improvement of his skills as an FBI special agent frequently called upon to fly. The fact that the educational training received by a taxpayer concurrently prepared him to successfully undergo examinations which would ultimately enable him to hold another job does not necessarily lead to qualifying him in a new trade or business.

Here the taxpayer has shown that the training required to obtain an instrument rating on his private pilot's certificate was done to improve his skill and proficiency as a pilot and special agent for the FBI. Absent a showing of any intent to change professions, the educational expense for this legitimate purpose of improvement of employment skills should be permitted. The expense for the training required in obtaining an instrument rating should not be disallowed solely because an enthusiastic and ambitious agent later chose to further demonstrate his pilot's proficiency by easily obtaining additional certificates. Of course, plaintiffs are not entitled to a deduction for the subsequent expenses incurred in training Beckley to receive these additional certificates, since a commercial pilot's license or a flight instructor's license certainly qualifies him for a new trade.

It should also be noted that while the taxpayer cannot deduct the cost of education and training subsequent to obtaining the instrument rating, the FBI and the government have received benefit from this taxpayer's additional training and qualification in that he provides flight instruction without charge to other FBI special agents.

The government contends that all flight instruction is an indivisible unit. It argues that the instrument rating "led to" the qualification for a new trade or business as business as contemplated by the words of Treasury Regulation 1.162–5. I find no precedent which differentiates between expenses incurred by a taxpayer for education to improve job skills which are coincidental or common to skills required in another trade, and those which are incurred in a program which leads the taxpayer to qualify in a new trade or business. The program of instruction for the instrument rating, while in some ways coincidental with that for the commercial pilot's certificate, includes a much broader scope of theoretical and practical training for the pilot. One's training as a commercial pilot would not necessarily equip a pilot to successfully pass the examinations and practical tests required for an instrument rating.

To disallow Beckley's expenses in obtaining his instrument rating solely because he later received a commercial pilot's certificate would unnecessarily penalize his ambition, intelligence, and diligence without an economical or a logical reason. To hold that the instrument training received by Beckley led to his commercial pilot status would require the conclusion that but for his instrument training, his certification as a commercial pilot could not have occurred. Such a conclusion would be an exercise in backwards logic. His instrument training was not an element or a portion of his commercial pilot's certification; rather, such certification was based upon a lesser and included bank of knowledge which he could tap at will.

The educational process is but one more human experience. What one learns cannot be easily sifted and separated into specific categories. Beckley simply learned something in his instrument course which would be useful in another profession, but such knowledge did not necessarily lead to another profession, and does not render the instrument training expense nondeductible.

Because Beckley's intent was to improve his job-related skills by pursuing the instrument training, and because the nature of the training made the acquisition of a commercial certificate a convenience, the expenses related to the instruction necessary for the instrument rating are legitimate items for deduction from his 1974 gross income.

## ORDER

Upon the foregoing findings of fact and conclusions of law, IT IS HEREBY ORDERED, adjudged and decreed, that the plaintiffs are entitled to deduct from gross income for the taxable year 1974 any and all expenses of Ronald J. Beckley in his training and education for the purpose of obtaining and receiving an instrument rating to his private pilot's certificate;

FURTHER ORDERED that no expense for education or training required for the issuance of a commercial pilot's certificate to the said Ronald J. Beckley shall be deducted in determining the taxable income of the plaintiffs for 1974, nor shall any such deduction be allowed with respect to any training or education related to Beckley's certification as a flight instructor;

FURTHER ORDERED that plaintiffs shall file with the Court within fifteen (15) days from the entry of this order a verified amendment to the complaint showing the amount and nature of all expenses incurred by Ronald J. Beckley for education and training in a course of study leading to his instrument rating aforementioned;

FURTHER ORDERED that the amendment required in the preceding paragraph shall be presented for the purposes of computing the amount of judgment to be rendered in favor of the plaintiffs and against the defendant and that the defendant shall have thirty (30) days after the filing of such an amendment to examine all and any documentation maintained by the plaintiffs and used in the preparation of such amendment, and to file any objection or motion with respect to such amendment or computation of judgment based thereon.