JOHN D. DALBY and GERRY L. DALBY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dalby v. Commissioner
Docket No. 8786-81.
United States Tax Court
T.C. Memo 1983-449; 1983 Tax Ct. Memo LEXIS 340; 46 T.C.M. (CCH) 892; T.C.M. (RIA) 83449; July 28, 1983. *340 In 1977, P, a pilot and veteran of the Armed Forces, attended flight training courses, which maintained or improved skills required of him in his trade or business. The Veterans' Administration reimbursed P for 90 percent of the cost of such courses pursuant to 38 U.S.C. sec. 1677 (1976). P did not and was not required under 38 U.S.C. sec. 3101(a) to report this educational allowance as income. He deducted the entire cost of the flight training courses, including that portion for which he was reimbursed. Held, P is not entitled to deduct the reimbursed portion of the flight training expenses under sec. 265(1), I.R.C. 1954. Manocchio v. Commissioner,78 T.C. 989 (1982), on appeal (9th Cir., Sept. 20, 1982), followed. Allen Melton, for the petitioners. Donald W. Hicks, Sr., for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined a deficiency in the petitioners' Federal income tax of $1,582.00 for 1977. The sole issue for decision is whether the petitioners are entitled to deduct as educational expenses under section 162 of the Internal Revenue Code of 1954[1] certain payments for flight training courses for which they received *341 nontaxable reimbursement from the Veterans' Administration. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. The petitioners, John D. and Gerry L. Dalby, husband and wife, were legal residents of Dallas, Tex., at the time they filed their petition and amended petition in this case. They filed their joint Federal income tax return for 1977 with the Internal Revenue Service in Dallas, Tex. Mr. Dalby will sometimes be referred to as the petitioner. Mr. Dalby served as a pilot and flight instructor in the Armed Forces. During 1977, he was employed by the Vought Corporation (Vought) as an engineering specialist. His prime assignment during 1977 with Vought was developing training syllabi and determining the use and mix of training aircraft and flight simulation. In 1977, Mr. Dalby attended flight training courses in order to maintain skills required in his trade or business. The total cost of these courses was $5,437.00, and Mr. Dalby paid that amount in 1977. As a veteran, he was entitled under 38 U.S.C. sec. 1677 (1976) *342 to receive an educational assistance allowance from the Veterans' Administration (VA) equal to 90 percent of the costs incurred for the flight training. Consequently, he received reimbursement from the VA in the amount of $4,893.30 in 1977, and such reimbursement is not taxable under 38 U.S.C. sec. 3101 (a) (1976). The petitioners claimed an educational expense deduction for the entire cost of the flight training courses. In claiming this deduction, they relied on IRS publications available to them, including Publication 17. In his notice of deficiency, the Commissioner disallowed the deduction for that portion of the flight training expenses for which the petitioner received reimbursement from the VA. OPINION The sole issue for decision is whether the petitioners are entitled to deduct as educational expenses under section 162 certain payments for flight training courses for which they received nontaxable reimbursement from the VA. We thoroughly considered this issue in Manocchio v. Commissioner,78 T.C. 989 (1982), on appeal (9th Cir., Sept. 20, 1982), where we held that the reimbursed flight training expenses were allocable to a class of tax exempt income and therefore were *343 not deductible under section 265. We further held that the Commissioner was not estopped from disallowing a deduction for reimbursed flight training expenses in years prior to the issuance of Rev. Rul. 80-173, 1980-2 C.B. 60. The petitioners attempt to distinguish Mannochio and establish adequate grounds for an estoppel by proving that their reliance on the Commissioner's prior position [2] *344 was greater and more reasonable than that of the petitioner in Manocchio. The petitioners contend that, unlike the petitioner in Manocchio,[3] they claimed deductions for flight training expenses for which they were reimbursed by the VA in several years prior to 1977, and again in 1978, without contest by the Commissioner. This factual distinction, if it exists, is without consequence. The Commissioner's acceptance of the petitioners' returns for prior and subsequent years does not of itself estop the Commissioner from pursuing a deficiency in 1977. Niles Bement Pond Co. v. United States,281 U.S. 357 (1930); Booth Newspapers, Inc. v. Commissioner,17 T.C. 294 (1951), *345 affd. per curiam 201 F. 2d 55 (6th Cir. 1952). Furthermore, no matter how great or how reasonable the petitioners' reliance on the Commissioner's prior position, such reliance, alone, cannot generate an estoppel. Dixon v. United States,381 U.S. 68 (1965); Graff v. Commissioner,74 T.C. 743 (1980), affd. per curiam 673 F. 2d 784 (5th Cir. 1982). Unless the taxpayer has sustained a "profound and unconscionable injury" in reliance on the Commissioner's action, the Commissioner is not barred from correcting a mistake of law and from applying the corrected position retroactively. Schuster v. Commissioner,312 F. 2d 311, 317 (9th Cir. 1962), affg. 32 T.C. 998, and revg. 32 T.C. 1017 (1959); Manocchio v. Commissioner,supra; see Automobile Club of Michigan v. Commissioner,353 U.S. 180 (1957). In Manocchio, we held that the petitioner failed to prove that his reliance on the IRS rulings led to the type of extraordinary injury which might justify the remedy of estoppel. 78 T.C. at 1002. The petitioners in the present case have not sustained a different or greater injury than the petitioner in Manocchio. Consequently, the Commissioner is not estopped from applying the position of Rev. Rul. 80-173, 1980-2 C.B. 60, *346 to these petitioners. The petitioners have directed our attention to Beckley v. United States,490 F. Supp. 123 (S.D. Ga. 1980), in which the court held that the deduction for the costs of flight training need not be reduced by reason of the reimbursement by the VA. The court followed the position taken by the Commissioner in Rev. Rul. 62-205, 1962-2 C.B. 43. However, such case was decided before the Commissioner's change of position and our decision in Manocchio upholding the retroactive application of Rev. Rul. 80-173, and therefore, it will not be followed. The petitioners further contend that Rev. Rul. 80-173 unfairly discriminates between two classes of veterans, those receiving flight training reimbursement pursuant to 38 U.S.C. sec. 1677 and those receiving educational assistance allowances pursuant to 38 U.S.C. sec. 1681. This argument was also considered and rejected in Manocchio, where we held that the differing tax treatment of these benefits was not "so devoid of rational basis" as to constitute an abuse of discretion. 78 T.C. at 1002-1003. Because our decision in Manocchio is dispositive of the issue in this case, we hold that the petitioner is not entitled to a deduction *347 for the reimbursed portion of his flight training expenses in 1977. Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the year in issue, unless otherwise indicated.↩
2. The Commissioner's earlier position was announced in Rev. Rul. 62-213, 1962-2 C.B. 59. This ruling held that "expenses for education, paid or incurred by veterans, which are properly deductible for Federal income tax purposes, are not required to be reduced by the nontaxable payments received during the taxable year from the Veterans' Administration." This position was reiterated in general terms in IRS Publication 17, which the petitioners had read and relied on in preparing their 1977 return. The Commissioner subsequently issued Rev. Rul. 80-173, 1980-2 C.B. 60, which purported to "distinguish and clarify" Rev. Rul. 62-213 as it pertained to educational benefits received pursuant to 38 U.S.C. sec. 1677. It provided that flight training expenses for which the taxpayer is reimbursed by the VA under 38 U.S.C. sec. 1677 are not deductible because the taxpayer "suffers no economic detriment and incurs no expense in making the expenditure to the extent of the reimbursement." 1980-2 C.B. at 61. Since Rev. Rul. 80-173 does not state that it is to be applied prospectively only, it is deemed by the Commissioner to have retroactive effect. See Rev. Proc. 78-24, 1978-2 C.B. 503↩; sec. 7805(b). 3. It is unclear whether the petitioner in Manocchio↩ had similarly been allowed a deduction in years prior to 1977; the deduction was disallowed for 1977 and 1978.