**Edward C. LEE and Mary C. Lee, Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 81–7845.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 5, 1984.

Decided Jan. 17, 1984.

---

Gary James Joslin, Salt Lake City, Utah, for petitioner-appellant.

Glenn L. Archer, Jr., Michael L. Paup, Robert T. Duffy, Philip Brennan, Washington, D.C., Richard J. Shipley, Seattle, Wash., M. Carr Ferguson, Washington, D.C., for respondent-appellee.

Before WRIGHT, TANG, and ALARCON, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

In this appeal we consider whether the Tax Court held correctly that Edward Lee's educational expenses were not deductible under I.R.C. § 162. We agree with the Tax Court's conclusion that helicopter flight training was not required to maintain or improve the skills required in Lee's employment as a commercial airline pilot.

## I

### FACTS

Lee, a commercial pilot for Delta Airlines, incurred educational expenses for helicopter flight training in 1972 and 1973. Thereafter, a notation was placed on his commercial pilot's license stating that he was a qualified commercial helicopter pilot. He has not flown helicopters commercially.

During the years in question, he flew DC 9's and Convair 880's for Delta. It provided the training required for flying its aircraft and did not require him to take the helicopter training.

The Commissioner determined that the expense of the helicopter lessons was a nondeductible personal expense under I.R.C. § 262. The Tax Court concurred, saying that the flight training did not maintain or improve the skills required for Lee's employment, and that "the helicopter flight training was part of a program of study leading to Mr. Lee's qualification in a new trade or business." *Lee v. Commissioner,* 50 T.C.M. (P–H) ¶ 81–026 (1981).

## II

### DISCUSSION

The cost of education is generally a nondeductible personal expense. *See* I.R.C. § 262; *Sharon v. Commissioner,* 591 F.2d 1273, 1274–75 (9th Cir.1978), *cert. denied,* 442 U.S. 941, 99 S.Ct. 2883, 61 L.Ed.2d 311 (1979). Some educational expenses may be deductible, however, if they qualify as "ordinary and necessary" business expenses under I.R.C. § 162. The expense of education to maintain or improve skills required for one's trade or business may generally be deducted as an ordinary and necessary business expense.[1] Treas.Reg. § 1.162–5(a)(1) (1983).

Treasury Regulations, however, establish two categories of educational expenses that are personal in nature, and not deductible as ordinary and necessary business expense, though the education may maintain or improve skills: (1) expenses for minimum educational requirements that the taxpayer must have to qualify in his employment or other trade or business, Treas.Reg. § 1.162–5(b)(2); and (2) expenses for education that will also qualify the taxpayer for a new trade or business. Treas.Reg. § 1.162–5(b)(3).

We consider as a question of fact whether a taxpayer may deduct an educational expense as an ordinary and necessary business expense under § 162. *E.g., Ford v. Commissioner,* 487 F.2d 1025, 1025–26 (9th Cir.1973). We affirm the Tax Court's findings on factual questions unless those are clearly erroneous. *Thompson v. Commissioner,* 631 F.2d 642, 646 (9th Cir.1980), *cert. denied,* 452 U.S. 961, 101 S.Ct. 3110, 69 L.Ed.2d 972 (1981).

In at least one case, however, we have said that the determination whether a given expense is incurred in the taxpayer's trade or business is a mixed question of law and fact when it involves the interpretation of a statute. *Lundgren v. Commissioner,* 376 F.2d 623, 627 (9th Cir.1967). The standard of review for a mixed question is unsettled, *Thompson v. Commissioner,* 631 F.2d at 646. But we do not reach this question because the resolution of this case depends on "facts and circumstances," rather than "the application of any legalistic formula." *See id.*

Our case presents these factual issues: (1) whether the helicopter flight training improved or maintained Lee's skills as a commercial jet pilot; and (2) whether the helicopter training qualified Lee for a new profession. Lee has the burden of showing clear error by the Tax Court.

### A. Whether the Expense is Sufficiently Related to Current Employment

Lee has not met his burden of showing that the Tax Court clearly erred in its finding that his educational expenses did not improve the skills required in his current employment. Three factors compel this conclusion.

First, the sole evidence that the helicopter flight training improved Lee's proficiency as a fixed-wing pilot was his testimony that the training made him better equipped to fly safely around rotary-wing aircraft. The Tax Court was not obliged to credit this testimony because it was undermined by the rest of the record. *See Keogh v. Commissioner,* 713 F.2d 496, 502 (9th Cir. 1983).

Second, although commercial airlines are an industry in which qualifications are closely regulated, the FAA does not require pilots to take helicopter flight training. Lee testified that Delta provided the training for flying the jet aircraft to which he had been assigned. That did not include helicopter flight training. That the FAA does not require and Delta does not provide helicopter training suggests that it is not of much use for fixed-wing jet pilots.

Third, Lee's testimony suggests that his motive in taking helicopter training was not to improve his skill as a jet pilot. He

---

1. Treas.Reg. § 1.162–5 also allows deductions for educational expenses that "meet the express requirements of the individual's employer, or the requirements of applicable law or regulations, imposed as a condition of the retention by the individual of an established employment relationship...." Treas.Reg. § 1.162–5(a)(2). Lee does not contend that he took the helicopter flight training to meet Delta or FAA requirements.

testified that he took it "to qualify myself to fly [a helicopter] commercially." An educational expense is deductible only if the primary purpose is to improve one's skills at his present job. *See Carter v. Commissioner,* 645 F.2d 784, 786–87 (9th Cir.1981) (Tax Court did not clearly err in determining that the taxpayer's primary motive was not business related); *Sandt v. Commissioner,* 303 F.2d 111, 112 (3rd Cir.1962) (same).

Here, the Tax Court's finding that the helicopter training was not related to Lee's employment as a commercial pilot is not clearly erroneous. The cases cited by Lee do not convince us otherwise. In each, the court expressly found that the taxpayers had been encouraged to make the flight expenditures to maintain the skills required for their employment, *see Colangelo v. Commissioner,* 49 T.C.M. (P–H) ¶ 80,455 (1980); *Shaw v. Commissioner,* 38 T.C.M. (P–H) ¶ 69,120 (1969), or the training satisfied specific requirements of the employment. *See Beckley v. United States,* 490 F.Supp. 123, 126 (S.D.Ga.1980); *Knudtson v. Commissioner,* 49 T.C.M. (P–H) ¶ 80,455 (1980).

B. *Whether the Taxpayer Qualified for a New Profession*

■ Lee's second contention, that the training did not qualify him for a new trade or business, presents a closer question. The Tax Court concluded that substantial differences exist between helicopter and airplane pilots, and Lee therefore qualified for a new trade or business. *See Davis v. Commissioner,* 65 T.C. 1014, 1019 (1976).

This is consistent with the results in *Sharon v. Commissioner,* 591 F.2d at 1275. There, we upheld the Tax Court's determination that an IRS lawyer, admitted to the New York bar, could not deduct the expense of a California bar review course because those fees would ultimately enable the taxpayer to perform significantly different tasks and activities.

We need not decide this issue, however. Because we conclude that the Tax Court did not clearly err in determining that the helicopter flight training did not improve Lee's proficiency as an airline pilot, Lee may not

deduct the expense of the flight training whether or not airline and helicopter pilots are in the same trade or business. *See* Treas.Reg. 1.162–5(a). The judgment of the Tax Court is affirmed.