50 F.3d 15
 75 A.F.T.R.2d 95-1443, 95-1 USTC P 50,181
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert C. KERSEY, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 94-70369.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 7, 1995.*
Decided March 9, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert C. Kersey appeals pro se the tax court's decision sustaining the Internal Revenue Service's ("IRS") determination of a deficiency in Kersey's federal income taxes for the tax year 1989. Kersey also appeals the tax court's decision upholding the IRS's imposition of additions to tax for negligence pursuant to 26 U.S.C. Sec. 6662. We have jurisdiction pursuant to 26 U.S.C. Sec. 7482, and we affirm.
 
 
 3
 Kersey contends that the tax court erred by finding that the educational expenses he incurred in pursuing a bachelor degree of science in management were not deductible as "ordinary and necessary" business expenses under 26 U.S.C. Sec. 162. This contention lacks merit.
 
 
 4
 The tax court's finding that educational expenses are nondeductible business expenses is a question of fact reviewed for clear error. Lee v. Commissioner, 723 F.2d 1424, 1426 (9th Cir.1984).
 
 
 5
 Internal Revenue Code ("IRC") section 162 allows a deduction for all ordinary and necessary expenses incurred during the taxable year in carrying on a trade or business. 26 U.S.C. Sec. 162. Educational expenses may be deducted as trade or business expenses if the education: (1) maintains or improves skills required by the individual in his employment; or (2) meets the express requirements of the individual's employer, or the requirements of applicable law or regulations. Treas.Reg. Sec. 1.162-5(a); Lee, 723 F.2d at 1426.
 
 
 6
 The Treasury Regulations establish two categories of educational expenses that are not deductible as business expenses even though they would otherwise qualify under section 1.162-5(a). Treas.Reg. Sec. 1.162-5(b); Lee, 723 F.2d at 1426. These two categories are: (1) expenses for education that the taxpayer must have to meet the minimum educational requirements for qualification in his employment; and (2) expenses for education which is part of a program of study being pursued by the taxpayer that will lead to qualifying him for a new trade or business. Treas.Reg. 1.162-5(b); Lee, 723 F.2d at 1426.
 
 
 7
 Here, Kersey was employed as a real estate salesperson in 1989. As a real estate salesperson, Kersey was required by California law to complete certain course requirements within 18 months of receiving a conditional sales license. Allegedly, to satisfy these requirements, Kersey enrolled in a management program at Pepperdine University which would lead to a Bachelor of Science degree. During 1989, Kersey was enrolled in Accounting, Organizational Behavior, Managing Organizations, Statistical Methods and Research Design, Legal Environment of Business, and Managerial Economics.
 
 
 8
 Although these courses may have enhanced Kersey's skills as a real estate salesperson, the tax court's finding that they were part of a program of study being pursued by Kersey that would lead to qualifying him for a new trade or business was not clearly erroneous. Thus, the educational expenses Kersey incurred in 1989 are not deductible as ordinary and necessary business expenses. See Treas.Reg. Sec. 1.162-5(b)(3); Lee, 723 F.2d at 1426-27. Moreover, to the extent that the expenses were incurred by Kersey to satisfy the minimum requirements for a California real estate sales license, the expenses were personal expenses, and not deductible as ordinary and necessary business expenses. See Treas.Reg. Sec. 1.162-5(b)(2); Lee, 723 F.2d at 1426-27. Accordingly, the tax court's finding that Kersey's tuition and related expenses associated with attending Pepperdine in 1989 were not deductible as business expenses is not clearly erroneous. See Lee, 723 F.2d at 1426-27.
 
 
 9
 Kersey also contends that the tax court erred by upholding the IRS's imposition of additions to tax for negligence under IRC section 6662. This court reviews the tax court's decision upholding these additions to tax under a clearly erroneous standard. See Norgaard v. Commissioner, 939 F.2d 874, 877 (9th Cir.1991).
 
 
 10
 The IRS is authorized to assess a penalty against a taxpayer if the taxpayer's underpayment of tax is due to "[n]egligence or disregard of rules or regulation." 26 U.S.C. Sec. 6662(b)(1) (Supp.1990). Section 6662(c) defines "negligence" to include "any failure to make a reasonable attempt to comply with the provisions of [the Code]." Id. Sec. 6662(c); see also Allen v. Commissioner, 925 F.2d 348, 353 (9th Cir.1991) ("[n]eligence ... is defined as the lack of due care or the failure to do what a reasonable and prudent person would do under similar circumstances"). "[T]he term 'disregard' includes any careless, reckless, or intentional disregard." 26 U.S.C. Sec. 6662(c); see also Hansen v. Commissioner, 820 F.2d 1464, 1469 (9th Cir.1987) ("[i]ntentional disregard occurs when a taxpayer who knows or should know of a rule or regulation chooses to ignore the requirements").
 
 
 11
 The IRS's assessment of penalties is presumed correct. Allen, 925 F.2d at 353. Therefore, Kersey had the burden of proving his failure to pay the correct amount of tax was not due to negligence or intentional disregard of the rules or regulations. See id.
 
 
 12
 At trial, Kersey offered no evidence that he was not negligent. Kersey merely asserted that he had a reasonable belief, after conducting research, that he was entitled to a deduction for his educational expenses. A review of the applicable regulations, however, reveals that the expenses were not deductible. See Treas.Reg. Sec. 1.162-5(b). Because Kersey did not meet his burden of proving that his failure to pay the correct amount of tax was not due to negligence, the tax court correctly upheld the IRS's imposition of negligence penalties. See Allen, 925 F.2d at 353.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3