**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 24 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CONSTANTINE G. CRISTO, | No. 18-71788 |
| Petitioner-Appellant, | Tax Ct. No. 2161-12 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted July 15, 2019[**]

Before: SCHROEDER, SILVERMAN, and CLIFTON, Circuit Judges.

Constantine G. Cristo appeals pro se from the Tax Court's decision, following a partial bench trial, upholding the Commissioner of Internal Revenue's determination of deficiencies and penalties, after concessions, for tax year 2002. We have jurisdiction under 26 U.S.C. § 7482(a)(1). We review de novo the Tax

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Cristo's request for oral argument, set forth in his opening brief, is denied.

Court's conclusions of law and for clear error its factual findings. *Meruelo v. Comm'r*, 691 F.3d 1108, 1114 (9th Cir. 2012).  We affirm.

The Tax Court did not clearly err in determining that Cristo was not entitled to deduct educational expenses for his son as a business expense under 26 U.S.C. § 162.  *See Lee v. Comm'r*, 723 F.2d 1424, 1426 (9th Cir. 1984) (describing when educational expenses may be deductible as business expenses).

Contrary to Cristo's contention, there is no authority that dictates that the Tax Court should have shifted the burden of proof to the Commissioner.

**AFFIRMED.**