Alvin V. GRAFF, Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 80–2347.

United States Court of Appeals, Fifth Circuit.

April 22, 1982.

work, 20% was maritime, the policy of the Act strongly favors coverage.
622 F.2d at 113 (citations omitted).

Winstead, McGuire, Sechrest & Trimble, Robert L. Trimble, Thomas R. Helfand, Dallas, Tex., for petitioner-appellant.

Glen L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Chief, Appellate Section, Jo-Ann Horn, Ann Belanger Durney, Attys., Tax Div., U. S. Dept. of Justice, Kenneth W. Gideon, Chief Counsel, Alan C. Levine, Dan Henry Lee, Internal Revenue Service, David E. Carmack, Tax Div., Dept. of Justice, Washington, D. C., for respondent-appellee.

Before BROWN, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

Having carefully considered the briefs and arguments of the parties in this appeal, taken on undisputed facts, we find ourselves in agreement with the rulings of the Tax Court on the points brought forward to us: that interest reduction payments made by the Department of Housing and Urban Development (HUD) on the taxpayer's-mortgagee's behalf pursuant to Section 236 of the National Housing Act, 12 U.S.C. § 1715z–1, are includable in his gross income, and that in the circumstances of this case the Commissioner of Internal Revenue is not equitably estopped by incorrect representations of law made by officials of HUD from collecting the resulting income tax deficiency from the taxpayer.

Further, finding ourselves in agreement with the careful opinion of Judge Simpson for that court, reported at 74 T.C. 743 (1980), we adopt it as our own. In particular, we agree that had the Congress intended so significant a departure from general principles of taxation as the taxpayer contends for here it would have done so in clear terms of legislation, as it did regarding other incentives furnished such sponsors of Section 236 projects. We add that taxpayer's reliance on tentative pronouncements of the Revenue Service regarding Section 235 of the Act as indicative of its position on Section 236, that with which we deal here, is misplaced. Section 236 payments are substitutes for rentals, permitting the sponsor to operate profitably at lower rates of such returns. Rentals, however, are gross income, where Section 235 payments are not rental substitutes but rather direct general welfare benefits not taxable.

The judgment of the Tax Court is

AFFIRMED.

JOHN R. BROWN, Circuit Judge, concurring:

The Court today holds that the interest reduction payments were properly includable in Graff's gross income and that, under those circumstances, he may take them as a corresponding deduction. That holding, which is both sensible and correct, given the broad definition of income under § 61, Internal Revenue Code, means, in non-tax lingo, that both sides of the scale are now equal. Graff erred in attempting to deduct interest installments that *he* never paid when he never reported as income the money to make those payments. To deduct an expense, one must first have paid it. Graff wanted to deduct the cost of his cake and eat it, too. That he cannot do. Under our holding, the accounting scale balances: income comes in (the HUD interest reduction payments), income goes out (the HUD interest reduction payments). In other words, it is largely a wash. I would emphasize that much the same result would have occurred had the Commissioner or this Court determined that Graff had no income from the transaction but could deduct no interest payments above the one percent that he paid. No income comes in, so none goes out.

Graff also argues that since HUD, putting visions of sugar plum fairies and hefty tax deductions in his head, enticed him to enter into this project, the Government is now estopped to deny him those deductions.

We agree entirely with the tax court that no estoppel applies. In *U. S. v. Stewart,* 311 U.S. 60, 61 S.Ct. 102, 85 L.Ed. 40 (1940), the only case directly on point cited by either side, the Supreme Court declined to estop the Commissioner from taxing income on federal farm loan bonds, although the Farm Loan Board had advertised that the bonds were tax-exempt. The Court reasoned that determinations by the Board in an area well beyond its authority could not bind the IRS, the only arm of the government charged with administration of the tax laws. That holding governs here. Whatever the conduct of the HUD officials in an area of the law in which they had neither statutory responsibility nor expertise, their mistaken assessment of the tax effect of the interest reduction payments cannot bind the Commissioner. One simple solution presented itself to Graff: make further inquiries. Either a lawyer or the IRS could have reviewed the proposal. Either would, no doubt, have noticed and pointed out the serious tax problems involved. Just as the prospective purchaser of the Brooklyn Bridge should seek another opinion before acting, so Graff, receiving tax advice that quite literally was too good to be true, should have looked before he leaped. With these comments added, I concur.