DONALD B. AND BETTY M. NANKIVIL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Nankivil v. Commissioner
Docket No. 23119-80
United States Tax Court
T.C. Memo 1982-722; 1982 Tax Ct. Memo LEXIS 28; 45 T.C.M. (CCH) 331; T.C.M. (RIA) 82722; December 14, 1982. James W. Clark, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: This case is before the Court on respondent's motion for summary judgment filed on July 23, 1982. There was attached to respondent's motion for summary judgment a stipulation of facts executed by the parties which was also filed with the Court on July 23, 1982. At the hearing on respondent's motion in Jacksonville, Florida, on September 20, 1982, respondent appeared by counsel and petitioners did not appear in person, but filed a written statement of their position in lieu of attendance in accordance with Rule 50(c) of the Rules of Practice and Procedure of this Court. Respondent determined a deficiency in petitioners' income tax for the calendar year 1978, in the amount of $2,000. The issue for decision raised by respondent's motion for summary judgment is whether respondent correctly determined that the credit of $2,000 claimed by petitioners under section 44 [1] on their 1975 joint Federal income tax return for the purchase of a new principal residence is subject to recapture in the year 1978. *30 The stipulated facts show [2] that petitioners, Donald B. and Betty M. Nankivil, resided in Titusville, Florida, at the time of the filing of their petition in this case. Petitioners were husband and wife during the calendar year 1975, and filed a joint Federal income tax return for that year with the Office of the Director, Internal Revenue Service Center, Western Region, Ogden, Utah. For the calendar year 1978, petitioners filed a joint return as husband and wife with the Office of the Director, Internal Revenue Service Center, Southeast Region, Chamblee, Georgia. During the calendar year 1975, petitioners purchased a new principal residence *31 in King County, Washington, for $42,500 and properly claimed a credit under section 44 on their 1975 tax return in the amount of $2,000 for the purchase of a new principal residence. In November 1976, petitioner, Donald B. Nankivil, was transferred to Nevada by his employer, and petitioners sold their residence in King County, Washington. In June 1977, petitioners purchased a residence in Titusville, Florida, for $20,346. Petitioner, Donald B. Nankivil, had been transferred in his employment to Florida at approximately the time of the purchase of this residence. The residence petitioners purchased in Titusville, Florida, was approximately 10 years old at the time of its purchase by petitioners, and it had been used by persons other than petitioners prior to the commencement of petitioners' use of the residence in March 1978. Petitioners attached to their 1975 income tax return a Form 5405, Credit for Purchase or Construction of New Principal Residence, 1975. Petitioners used the 1975 Form 5405, and instructions thereto, which had been used in completing their 1975 income tax return in qualifying for exception from recapture of the credit for purchase of a new principal residence *32 after the purchase of the residence in Titusville, Florida, in 1977. The Form 5405 for the tax year 1975 in paragraph B of the instructions contains the following statement: B. New principal residence.--The property purchased must be your new principal residence, the original use of which commences with you. The term "principal residence" refers to the place where you lived most of the year and has the same meaning as under section 1034. * * * Paragraphs C, D, E and F, of the instructions on the 1975 Form 5405, deal with the requirements for claiming the credit and the method of computing the credit claimed. Paragraph H of these instructions provides in part: H. Recapture of credit.--The amount allowed as a credit on a purchase is recaptured in the event you sell or otherwise dispose of your residence within 36 months after the date on which you acquired the residence. * * * There are exceptions for reinvestment in a new principal residence and for certain involuntary dispositions. For more information get Publication 591.
Form 5405 entitled Recapture of Credit for Purchase or Construction of New Principal Residence, 1977, provides in paragraph C in part as follows:
*33 C. Replacement residence.--If you dispose of the original residence, on which the purchase credit was allowed, within 36 months of its acquisition, but replace it with a new residence (the original usage of which begins with you) within 18 months of the disposition, you need not repay any part of the credit if you reinvest the full proceeds in the replacement residence. * * * On their Federal income tax return filed for the year 1978, petitioners did not provide for recapture of any part of the $2,000 credit for the purchase of a new principal residence claimed by them on their return for the calendar year 1975. Petitioners take the position that the instructions on the form they used in 1975 to claim the credit for the purchase of a new principal residence did not state that the new principal residence purchased as a replacement for the original residence on which the credit was claimed should be a residence, the original use of which began with the taxpayer. For this reason, they contend that they should be allowed to claim the credit even though they were not the original users of the residence they purchased in 1977. Petitioners argue that the instructions with the 1975 *34 return were unclear and they reasonably could conclude that the replacement residence did not have to be one the original use of which began with them. Petitioners contend that the definition of new principal residence was changed in 1977. In effect, petitioners are attempting to argue that respondent is in some way estopped from applying the recapture provisions to them because of confusing wording on the 1975 Form 5405, and a change in the wording on the 1977 form. It is respondent's position that section 44 specifically provides for recapture of the credit unless the replacement new principal residence purchased by the taxpayer within the period provided in section 1034 (which in the case of a residence other than one constructed by the taxpayer was 18 months) is one the original use of which began with the taxpayer. We agree with respondent. Section 44(c)(1) provides: (c) DEFINITIONS.--For purposes of this section-- (1) NEW PRINCIPAL RESIDENCE.--The term "new principal residence" means a principal residence (within the meaning of section 1034), the original use of which commences with the taxpayer, and includes, without being limited to, a single family structure, a *35 residential unit in a condominium or cooperative housing project, and a mobile home. Clearly, the definition in section 44(c)(1) refers to the term "new principal residence" as meaning one the original use of which commences with the taxpayer for all purposes of section 44. [4]
*36 Section 44(d)(2) providing an exception to the recapture requirement when the original residence is sold within 36 months after its purchase, is part of the same section as section 44(c). Therefore, the term "new principal residence" as used in 44(d)(2) means a new principal residence, the original use of which commences with the taxpayer. See also, sections 1.44-4(b)(1) and 1.44-5(a), Income Tax Regs.
The provision of the statute is clear that the credit is to be recaptured unless within the time provided in section 1034 (18 months for a purchased residence) the taxpayer purchases a residence, the original use of which begins with him. [5] Therefore, respondent correctly determined that the credit of $2,000 claimed by petitioners in 1975 is recaptured in 1978, in which year the 18-month period allowed for the purchase of a new principal residence as a replacement of the original residence on which the credit was claimed, expired. *37 We do not agree with petitioners that the information contained on the Form 5405 for the year 1975 states that the new principal residence purchased as a replacement need not be a residence, the original use of which commences with the taxpayer. In fact, after careful reading, the form should indicate to a taxpayer that the new principal residence which is purchased as a replacement for the residence on which the credit under section 44 was claimed, must be one the original use of which originated with the taxpayer. Therefore, there is no basis for petitioners' claim of estoppel in this case. However, even if the wording of the 1975 form could be considered to be misleading, this fact would not be grounds for holding that respondent was estopped from determining the deficiency determined in this case. See Graff v. Commissioner,74 T.C. 743, 761 (1980), affd. 673 F.2d 784 (5th Cir. 1982). Respondent's motion for summary judgment will be granted. An appropriate order and decision will be entered.
Footnotes
1. Unless otherwise stated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the year here in issue.↩
2. Petitioners, in the statement they filed with the Court, stated that they disagreed with the statement in respondent's motion that all issues of fact are agreed upon by both parties. However, it is clear from the statement as a whole, and the stipulation filed by the parties, that petitioners are not referring to their disagreement with the primary facts, but rather to their disagreement with the ultimate or conclusionary fact that the $2,000 credit claimed by petitioners under section 44 in 1975, is subject to recapture in 1978.↩
4. Section 44(a), (c)(1) and (d)(1) and (2), provide: SEC. 44. PURCHASE OF NEW PRINCIPAL RESIDENCE. (a) GENERAL RULE.--In the case of an individual there is allowed, as a credit against the tax imposed by this chapter for the taxable year, an amount equal to 5 percent of the purchase price of a new principal residence purchased or constructed by the taxpayer. (c) DEFINITIONS.--For purposes of this section-- (1) NEW PRINCIPAL RESIDENCE.--The term "new principal residence" means a principal residence (within the meaning of section 1034), the original use of which commences with the taxpayer, and includes, without being limited to, a single family structure, a residential unit in a condominium or cooperative housing project, and a mobile home. (d) RECAPTURE FOR CERTAIN DISPOSITIONS.-- (1) IN GENERAL.--Except as provided in paragraphs (2) and (3), if the taxpayer disposes of property with respect to the purchase of which a credit was allowed under subsection (a) at any time within 36 months after the date on which he acquired it (or, in the case of construction by the taxpayer, on the day on which he first occupied it) as his principal residence, then the tax imposed under this chapter for the taxable year in which terminates the replacement period under paragraph (2) with respect to the disposition is increased by an amount equal to the amount allowed as a credit for the purchase of such property. (2) ACQUISITION OF NEW RESIDENCE.--If, in connection with a disposition described in paragraph (1) and within the applicable period prescribed in section 1034, the taxpayer purchases or constructs a new principal residence, then the provisions of paragraph (1) shall not apply and the tax imposed by this chapter for the taxable year following the taxable year during which disposition occurs is increased by an amount which bears the same ratio to the amount allowed as a credit for the purchase of the old residence as (A) the adjusted sales price of the old residence (within the meaning of section 1034), reduced (but not below zero) by the taxpayer's cost of purchasing the new residence (within the meaning of such section) bears to (B) the adjusted sales price of the old residence.↩
5. See Luther v. Commissioner,T.C. Memo 1982-244, which holds that recapture is required unless a new principal residence, the use of which originates with the taxpayer, is purchased within 18 months after the sale of the original residence if such residence was sold within the 36 months after its purchase. See also, Lonergan v. Commissioner,T.C. Memo 1982-346↩.