ZBIGNIEW J. WARDAS and IZABELLA WARDAS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wardas v. Commissioner
Docket No. 3737-81.
United States Tax Court
T.C. Memo 1983-137; 1983 Tax Ct. Memo LEXIS 653; 45 T.C.M. (CCH) 979; T.C.M. (RIA) 83137; March 15, 1983. Zbigniew J. Wardas and Izabella Wardas, pro se. Steven M. Roth, for the respondent. NIMS
MEMORANDUM OPINION NIMS, Judge: This case is before us on respondent's motion for summary judgment. The issue presented for our decision is whether respondent properly applied the minimum tax provisions of sections 56 to 58. [1]
Respondent determined a $5,565.90 deficiency in petitioners' 1978 federal income tax. Petitioners resided in Glendale, California, when they filed the petition in this case. Pursuant to Rule 121, respondent filed an affidavit with exhibits in connection with the motion for summary judgment. These documents and the pleadings contain the facts to be considered in acting on respondent's motion. Rule 121(b). There is no genuine issue as to any material fact. Accordingly, a decision may be rendered in this case as a matter of law. Petitioners had long-term capital gains of $94,211 *655 in 1978. Petitioners deducted $47,106 as a section 1202 capital gains deduction. Petitioners did not consider the section 56 to section 58 minimum tax provisions in reporting their 1978 income tax liability. Respondent determined that petitioners had additional income tax liability under the minimum tax provisions because of the section 1202 capital gains deduction. Section 56(a) provides: SEC. 56. IMPOSITION OF TAX. (a) GENERAL RULE.--In addition to the other taxes imposed by this chapter, there is hereby imposed for each taxable year, with respect to the income of every person, a tax equal to 15 percent of the amount by which the sum of the items of tax preference exceeds the greater of-- (1) $10,000, or (2) the regular tax deduction for the taxable year (as determined under subsection(c)). Section 57(a)(9) provides for individuals such as petitioners that "an amount equal to the net capital gain deduction for the taxable year determined under section 1202" is an item of tax preference. Apparently, therefore, respondent correctly determined that petitioners were liable for additional income taxes under the minimum tax provisions. Petitioners argue that the *656 minimum tax does not apply to them. Petitioners state their position as follows: We contend, that the I.R.S.'s application of the Minimum Tax Law abuses the spirit of that Law and does not serve the Interests of Justice as intended by the Legislature. Point 1: We contend that the Legislative Intent of the Minimum Tax Law has been to secure the payment of no less than a determined minimum. That Law was introduced to collect taxes from taxpayers who utilized the existing tax shelters, exemptions and other legal "loopholes" and who succeeded in payment of little or no income tax. In our case, we claimed no shelters and have paid more than $18,000; considerably more than $5,565 which results from the calculation of the Minimum Tax. Point 2: We contend that the language of I.R.S.'s rulings on Minimum Tax, namely: "Add-on Minimum Tax" is contradictory in terms. By any definition "ADDON" pertains to the process of addition and when applied to taxes means ADDITIONAL TAXES. We assert that only through I.R.S.'sinitiative could the concept of MINIMUM TAX have transformed into ADDITIONAL TAX; that tax, when applied toincomealreadytaxed constitutes *657 repeated taxation: a concept which we understand -- and hope -- is still foreign to the American idea of the Interests of Justice in taxation. We therefore ask this court to consider waiving of the Notice of Deficiency served on us by the I.R.S., on the grounds that this Notice is based on equivocal statutes ncontaining contradictions in terms), and involves other contradictions resulting from simultaneous existance of tax laws exempting portions of capital gains from taxation -- statutes that were never repealed. Petitioners argue that the minimum tax does not apply to them because their other income tax liabilities exceed the amount due under the minimum tax provisions. Petitioners' position is incorrect because it is based on an erroneous interpretation of the function and structure of the minimum tax provisions. Section 56(a) imposes the 15 percent minimum tax "[i]naddition to the other taxes imposed by this chapter." [Emphasis supplied.] The legislative history of the minimum tax provisions also indicates that Congress intended the minimum tax liability to be added on to other income tax liabilities. E.g., Joint Committee of Taxation, General Explanation *658 of the Tax Reform Act of 1976 at 105, 1976-3 C.B. (Vol. 2) at 117 ("Congress intended these changes [to the minimum tax provisions] to raise the effective tax rate on tax preference items…."). See also, House Report No. 94-658 at 130-131, 1976-3 C.B. (Vol. 2) at 822-823; Senate Report No. 94-938 at 109-110, 1976-3 C.B. (Vol. 3) at 147-148. Accordingly, petitioners' position that the minimum tax does not increase a taxpayer's liability above the amount prescribed by section 56 to 58 is erroneous. The minimum tax provisions properly applies to increase petitioners' overall income tax liability. Apparently, petitioners also argue that the minimum tax does not apply to them because they did not invest in tax shelters and because they reported and paid a significant amount of income tax for the year in issue. This argument is meritless. The clear language of sections 56 to 58 reflects the congressional response to the problems perceived with high income taxpayers investing in tax shelters and reporting little or no tax liability. See General Explanation of the Tax Reform Act of 1976, supra; House Report No. 94-658, supra; Senate *659 Report No. 94-938, supra. Congress did not condition the imposition of minimum tax liability on a finding of an investment in a "tax shelter." Instead, Congress designed the minimum tax to recoup in part the tax benefits obtained by reporting "items of tax preference." Further, Congress designed the minimum tax so that taxpayers who reported little or no other income tax liability would sustain a larger minimum tax liability than a taxpayer who reported a large amount of other income tax liability. See section 56(a)(2). The clearly written statutory provisions impose minimum tax liability on petitioners. Inquiry into additional factors, such as existence of a tax shelter or amount of other reported income tax liability, is irrelevant. Petitioner also argue that the section 1202 provision which grants the capital gains deduction and the section 56 to section 58 provisions which whittle away some of the benefits of the capital gains deduction contradict each other. Petitioners argue that the section 1202 capital gains provision should take precedence in this equivocal situation. Petitioners' argument is meritless. Congressional intent and statutory design clearly indicate *660 that the section 56 to section 58 minimum tax provisions take precedence over the section 1202 capital gains deduction provision. Congress intended to increase the effective tax rate on tax preferences such as the capital gains deduction. Accordingly, they established a mechanism to offset in part the tax benefits associated with provisions such as section 1202. Therefore, we think that the minimum tax properly applies to offset in part the benefit received by petitioners under section 1202. At the hearing on respondent's motion, petitioners explicitly stated that they do not challenge the constitutionality of the minimum tax provisions. We note that it has been held that Congress acted within its constitutional power when it enacted the minimum tax. United States v. Darusmont,449 U.S. 292 (1981); Graff v. Commissioner,74 T.C. 743 (1980), affd. 673 F.2d 784 (5th Cir. 1982). We think that the respondent properly determined petitioners' liability under the minimum tax provisions. [2] Accordingly, respondent's motion for summary judgment will be granted. *661 An appropriate order and decision will be entered.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as in effect for the year in issue. Also, all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. We note that the Revenue Act of 1978 sec. 421(b)(1), Pub. L. 95-600, 92 Stat. 2763, 2874, added a new sec. 57(a)(9)(D) to the Internal Revenue Code of 1954 to eliminate certain capital gains from the tax preference category. Sec. 57(a)(9)(D) reads as follows: For purposes of subparagraph (A), gain from the sale or exchange of a principal residence (within the meaning of section 1034) shall not be taken into account. Sec. 57(a)(9)(D) is applicable only to sales and exchanges made after July 26, 1978. Revenue Act of 1978 sec. 421(g), 92 State. at 2877. The long-term capital gain reported by the petitioners on their 1978 income tax return arose from the sale of an apartment complex on June 21, 1978. Sec. 57(a)(9)(D) would not apply to petitioners even if their principal residence was in the apartment complex because the sale occurred before the effective date of such provisions. Accordingly, petitioners' long-term capital gains are items of tax preference under sec. 57(a)(9)(A)↩.