TIMOTHY G. KEESE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Keese v. Commissioner
Docket Nos. 23006-93, 6008-94.
United States Tax Court
T.C. Memo 1995-417; 1995 Tax Ct. Memo LEXIS 415; 70 T.C.M. (CCH) 537; August 24, 1995, Filed *415 Decisions will be entered for respondent. Timothy G. Keese, pro se. Lynne Camillo, for respondent. CARLUZZO, Special Trial Judge CARLUZZO
MEMORANDUM FINDINGS OF FACT AND OPINION CARLUZZO, Special Trial Judge: These consolidated cases were heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
In separate notices of deficiency, respondent determined deficiencies in petitioner's 1991 and 1992 Federal income taxes, an addition to tax, and penalties as follows: Year
Deficiency
Sec. 6651(a)(1)
Sec. 6662(a)
1991
$ 4,743
$ 1,186
$ 949
1992
2,675
--
535
The deficiencies and related addition to tax and penalties result entirely from the imposition of the section 55 alternative minimum tax. After a concession by the parties, [2] the issues for decision are: (1) Whether *416 the alternative minimum tax imposed under section 55 is unconstitutional; (2) whether petitioner is liable for the addition to tax under section 6651(a)(1) for the year 1991; and (3) whether petitioner is subject to the accuracy-related penalty under section 6662(a) for the year 1992. FINDINGS OF FACT These cases were submitted fully stipulated. All of the facts which have been stipulated are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioner is a U.S. citizen who resided in Koenigstein, Germany, when he filed his petitions. Petitioner untimely filed his 1991 Federal income tax return on January 25, 1993. Respondent received petitioner's 1992 Federal income tax return on April 29, 1993. For both years, petitioner's returns reflected that he earned substantial amounts of income. Petitioner's returns further reflected no income tax liability for either year as a result of the application *417 of the foreign tax credit. Petitioner did not report any alternative minimum tax liability on either return. On July 9, 1993, respondent sent petitioner a letter notifying him that for the year 1991 he was subject to the alternative minimum tax provisions, and that, as a result, he owed additional income tax, an addition to tax, and a penalty for the year 1991. On September 23, 1993, respondent issued a notice of deficiency to petitioner determining a deficiency in petitioner's 1991 income tax in the amount of $ 4,743, an addition to tax pursuant to section 6651(a)(1) in the amount of $ 1,186, and a section 6662(a) penalty in the amount of $ 949. On October 4, 1993, respondent received amended 1991 and 1992 tax returns from petitioner. In these amended returns, petitioner asserted that he erroneously reported certain amounts on his original 1991 and 1992 returns in deutschemarks instead of dollars and made the appropriate corrections. No other changes were made in the amended returns. Petitioner did not recompute his Federal income tax liability in the amended returns. On March 1, 1994, respondent issued a notice of deficiency for the year 1992 determining a deficiency in the amount *418 of $ 2,675 and a section 6662(a) accuracy-related penalty in the amount of $ 535. The statutory notices of deficiency for both years were based upon the erroneous amounts included on petitioner's original returns. Between the time that petitioner filed his amended returns and trial, respondent reduced the amount of petitioner's deficiencies, addition to tax, and penalty for the years in issue. The reductions were based upon the amounts reported on petitioner's amended returns. OPINION As a nonresident U.S. citizen, petitioner was required to file Federal income tax returns and report his worldwide income for the years in issue. Sec. 6012; sec. 1.6012-1(a)(1)(i), Income Tax Regs.He was entitled to claim a foreign tax credit for each year for income tax paid to a foreign jurisdiction. Secs. 27(a), 901. Although petitioner enjoyed substantial income for each year, due to foreign tax credits his regular Federal income tax liability was reduced to zero for the years in issue. Petitioner's returns did not reflect any liability on his part for the section 55 alternative minimum tax for either year. Section 55(a) imposes an alternative minimum tax on noncorporate taxpayers equal to the *419 excess of the "tentative minimum tax" over the "regular tax" for the taxable year. Section 55(b)(1)(A) provides that the tentative minimum tax is 24 percent of so much of the alternative minimum taxable income as exceeds the exemption amount, reduced by the alternative minimum tax foreign tax credit computed under section 59. The term "regular tax" means "the regular tax liability for the taxable year (as defined by section 26(b)) reduced by the foreign tax credit allowable under section 27(a)". Sec. 55(c)(1). Section 55(b)(2) defines alternative minimum taxable income as the taxable income of the taxpayer for the taxable year determined with the adjustments provided for in sections 56 and 58 and increased by the amount of the items of tax preference described in section 57. Petitioner does not claim that respondent improperly computed his alternative minimum tax liability for either year but claims that the tax is unconstitutional as applied to him. While petitioner has not clearly set forth the basis for his constitutional attack on section 55, it appears that his argument is directed to the role that section 59 plays in the computation of his alternative minimum tax liability. *420 Section 59 provides the basis for calculating the alternative minimum tax foreign tax credit and limits the amount of such credit to 90 percent of a taxpayer's tentative minimum tax as defined in section 55(b)(1)(A). The consequences of the limitation result in an alternative minimum tax liability of at least 10 percent of a taxpayer's tentative minimum tax. Sec. 59(a)(2). Unlike section 27, which does not limit a taxpayer's potential foreign tax credit in computing a taxpayer's regular income tax liability, section 59 does not allow for the complete elimination of petitioner's section 55 tax liability. As a result of section 59(a)(2), petitioner's resulting tax liability for each year amounts to 10 percent of petitioner's tentative minimum tax liability (without taking into account the addition to tax and the accuracy-related penalty). Unsure of petitioner's position, and as best as can be determined from the record, we assume that petitioner's contention is that Congress has provided a tax benefit on the one hand (the allowance of a section 27(a) foreign tax credit), but has taken some of that benefit away on the other (the section 59(a)(2) limitation imposed on the alternative *421 minimum tax foreign tax credit). Petitioner apparently believes that somewhere in this Congressional give and take, an unspecified constitutional right has been violated. The constitutionality of section 55 has previously been considered by this and other Federal courts. See, e.g., Wallach v. United States, 800 F.2d 1121, 1123-1124 (Fed. Cir. 1986); Graff v. Commissioner, 74 T.C. 743, 767 (1980), affd. per curiam 673 F.2d 784 (5th Cir. 1982); Christine v. Commissioner, T.C. Memo. 1993-473; Okin v. Commissioner, T.C. Memo. 1985-199, affd. 808 F.2d 1338, 1342 (9th Cir. 1987). While we find no case that deals specifically with the section 59 implications present in this matter, there are cases that have addressed and rejected similar arguments advanced by taxpayers who enjoyed some tax benefit in the computation of their regular tax liability but had such benefit removed or reduced in connection with their section 55 alternative minimum tax liability. In addressing the taxpayer's constitutional attack in Okin v. Commissioner, supra, *422 this Court stated: We find no merit to petitioner's contention, which is not supported by any specific references to the Constitution or citations to precedent.
Our comments in Okin are applicable to petitioner's perceived arguments in this case. Accordingly, we have no basis, constitutional or otherwise, for providing the relief requested by petitioner. Furthermore, imposing an alternative minimum tax liability on petitioner for each year is consistent with the overall goal of section 55 that was expressed in its legislative history as follows: the minimum tax should serve one overriding objective: to ensure that no taxpayer with substantial economic income can avoid significant tax liability by using exclusions, deductions, and credits. * * * [S. Rept. 99-313, at 518 (1986), 1986-3 C.B. (Vol. 3) 518.]
The rationale underlying section 59(a)(2) was further explained in the Senate report: A further change that the committee believes is necessary relates to the use of foreign tax credits by U.S. taxpayers to avoid all U.S. tax liability. Absent a special rule, a U.S. taxpayer with substantial economic income would be able to avoid *423 all U.S. tax liability so long as all of its income was foreign source income and it paid foreign tax at the U.S. regular tax rate or above. While allowance of the foreign tax credit for minimum tax purposes generally is appropriate, the committee believes that taxpayers should not be permitted to use the credit to avoid all minimum tax liability. U.S. taxpayers generally derive benefits from the protection and applicability of U.S. law, and in some cases from services (such as defense) provided by the U.S. Government, even if all of such taxpayers' income is earned abroad. Thus, it is fair to require at least a nominal tax contribution from all U.S. taxpayers with substantial economic incomes. [S. Rept. 99-313, at 520 (1986), 1986-3 C.B. (Vol. 3) 520.]
See Lindsey v. Commissioner, 98 T.C. 672 (1992), affd. 15 F.3d 1160 (D.C. Cir. 1994). Respondent also determined that petitioner is liable for an addition to tax under section 6651(a)(1) for the year 1991 and an accuracy-related penalty under section 6662(a) for the year 1992. Section 6651(a)(1) imposes an addition to tax for failure to timely *424 file a return, unless the taxpayer establishes that the failure to file is due to reasonable cause and not due to willful neglect. Section 6662(a) imposes a penalty equal to 20 percent of the portion of an underpayment attributable to one or more of the categories listed in section 6662(b). The burden of proof is on petitioner with respect to these provisions. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). The parties stipulated that petitioner's 1991 return was untimely filed, and petitioner provided no explanation for the late filing. Petitioner has offered no evidence whatsoever with respect to the addition to tax pursuant to section 6651(a)(1) and the section 6662(a) accuracy-related penalty. Petitioner's failure to introduce any evidence in support of his burden requires us to sustain respondent's determinations on these issues. To reflect the foregoing, Decisions will be entered for respondent. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Respondent conceded the section 6662(a)↩ penalty for the year 1991.