T.C. Memo. 1995-502


UNITED STATES TAX COURT


THOMAS N. RAWLINS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 13383-94.                    Filed October 18, 1995.


Thomas N. Rawlins, pro se.

<u>Louis H. Hill</u>, for respondent.


MEMORANDUM OPINION

POWELL, <u>Special Trial Judge</u>:  This case was heard pursuant

to the provisions of section 7443A(b)(3) and Rules 180, 181, and

182.[1]  This case was submitted at trial fully stipulated.

---

[1]  All section references are to the Internal Revenue Code in
effect for the year in issue, and all Rule references are to the
Tax Court Rules of Practice and Procedure, unless otherwise
indicated.

Respondent determined a deficiency in petitioner's 1992 Federal income tax in the amount of $1,648. Petitioner resided in Wheelersburg, Ohio, at the time the petition was filed.

The issue is whether petitioner is subject to the alternative minimum tax (AMT) imposed by section 55.

Petitioner is an electrician and a union member. Although his job assignments are generally for relatively short periods of time, he works as a common law employee for each of his employers. Petitioner filed a 1992 Federal income tax return as a married taxpayer filing separately reflecting the following information:

| | | |
|---|---|---|
| Adjusted gross income | | $48,271 |
| Schedule A--Itemized deductions | | |
| Taxes | $1,861 | |
| Home mortgage interest | 1,647 | |
| Contributions | 1,950 | |
| Misc. itemized deductions: | | |
| Unreimbursed employee expenses | $13,230 | |
| Tax preparation | 50 | |
| Sec. 67 limit | (965) | |
| | 12,315 | |
| Total itemized deductions | | 17,773 |
| Personal exemptions | | 6,900 |
| Taxable income | | 23,598 |
| Income tax liability | | $4,274 |

Respondent does not challenge any item of income or the deductions. Rather, respondent determined that petitioner had an additional AMT liability in the amount of $1,648, calculated as follows:

Alternative minimum taxable income:

| | | |
|---|---|---|
| Taxable income (before deductions for exemptions) | | $30,498 |
| Adjustments: | | |
| Misc. itemized deductions | 12,315 | |
| Taxes | 1,861 | |
| Total adjustments | | 14,176 |
| | | 44,674 |
| Exemption amount | | 20,000 |
| Tentative minimum taxable income | | 24,674 |
| | | x 24% |
| Tentative minimum tax | | 5,922 |
| Regular tax | | 4,274 |
| AMT | | $1,648 |

Petitioner does not challenge respondent's calculation of the tax. He argues, rather, that the AMT imposed by section 55(a) unconstitutionally distinguishes between the expenses of self-employed individuals and employees in violation of the Due Process Clause of the Fifth Amendment.

Generally, under the AMT scheme an individual's tax liability is equal to 24 percent of the so-called "tentative minimum taxable income", which is the excess of the "alternative minimum taxable income" (AMTI) over the exemption amount provided by section 55(d)(1). Sec. 55(b)(1). AMTI is determined, generally, through adjustments to the taxpayer's taxable income pursuant to sections 56, 57, and 58. Sec. 55(b)(2). In determining the AMTI of individuals, no deduction is allowed for miscellaneous itemized deductions. Sec. 56(b)(1)(A)(i). The trade or business expenses of a self-employed taxpayer, however, are deductible "above the line" in arriving at adjusted gross income under section 62(a)(1); generally these deductions are not

affected by the AMT calculations.  See <u>Johnson v. Commissioner</u>, T.C. Memo. 1993-530.  It is this distinction between employees and self-employed persons that petitioner attacks.

To the extent a statutory classification results in disparate treatment, the classification is permissible if it has a reasonable relation to a legitimate governmental end.  <u>Welch v. Henry</u>, 305 U.S. 134, 144 (1938); <u>Okin v. Commissioner</u>, 808 F.2d 1338, 1342 (9th Cir. 1987), affg. T.C. Memo. 1985-199; see also <u>Vance v. Bradley</u>, 440 U.S. 93, 96-97 (1979).  In this regard, a classification does not violate equal protection or due process principles "if any state of facts rationally justifying it is demonstrated to or perceived by the courts."  <u>United States v. Maryland Savings-Share Ins. Corp.</u>, 400 U.S. 4, 6 (1970).

Prior to 1944, trade or business expenses were deducted from gross income regardless of the individual's employment status.  See sec. 23(a)(1)(A), Internal Revenue Code of 1939.  The Individual Income Tax Act of 1944, ch. 210, 58 Stat. 231, introduced the concepts "adjusted gross income", "itemized deductions", and "standard deduction" in an effort to simplify tax administration and compliance.  See S. Rept. 885, 78th Cong., 2d Sess. (1944), 1944 C.B. 858, 858-859.  Under this scheme, individuals may account for their deductible expenses as itemized deductions, or they may eschew recordkeeping and claim the standard deduction amount.  See sec. 63.  The amount is then deducted from adjusted gross income.

Adjusted gross income is calculated by deducting from gross income, inter alia, trade or business expenses "if such trade or business does not consist of the performance of services by the taxpayer as an employee." Sec. 62(a)(1). Congress decided that allowance of these deductions "above the line" is

> necessary to make as nearly equivalent as practicable
> the concept of adjusted gross income, when that concept
> is applied to different types of taxpayers deriving
> their income from varying sources. Such equivalence is
> necessary for equitable application of a mechanical tax
> table or a standard deduction which does not depend
> upon the source of income. * * * [S. Rept. 885, supra,
> 1944 C.B. at 877-878.]

The Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2085, limited the deductibility of miscellaneous itemized deductions, allowing their deduction only in excess of 2 percent of adjusted gross income. See sec. 67. In Lickiss v. Commissioner, T.C. Memo. 1994-103, we held that section 67 did not create an unconstitutional distinction vis-a-vis the expenses of employees and of self-employed individuals. We noted that Congress imposed the limitation to simplify the enforcement and administrative aspects of the tax law as well as to ease the recordkeeping burdens on taxpayers.

In creating the AMT, Congress sought to correct the "unfair distribution of tax burden resulting from abuses by individuals who escaped taxation on certain portions of their income because of provisions in the tax laws." Graff v. Commissioner, 74 T.C. 743, 767 (1980), affd. per curiam 673 F.2d 784 (5th Cir. 1982).

The AMT would "ensure that high-income individuals and corporations pay at least a minimum rate of tax on their tax preferences".  S. Rept. 94-938 (1976), 1976-3 C.B. (Vol. 3) 49, 147.  Such a goal is a legitimate governmental end.  Okin v. Commissioner, supra at 1342.  Tax Reform Act of 1976, Pub. L. 94-455, sec. 301(c)(1)(A), 90 Stat. 1520, designated as a tax preference a portion of an individual's "excess itemized deductions", including miscellaneous itemized deductions.  See former secs. 57(a)(1), (b).[2]  This provision was designed "to prevent high-income people from using itemized deductions to avoid all tax liability."  S. Rept. 94-938, supra, 1976-3 C.B. (Vol. 3) at 150; see H. Rept. 94-658 (1975), 1976-3 C.B. (Vol. 2) 695, 823.

Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, sec. 201(a), 96 Stat. 411, introduced the concept of AMTI, calculated by, among other adjustments, reducing adjusted gross income by "alternative tax itemized deductions". Sec. 55(b), as amended by TEFRA sec. 201(a), Pub. L. 97-248, 96 Stat. 411.  Absent entirely from the alternative tax itemized deductions were miscellaneous itemized deductions.  Sec. 55(e), as amended by TEFRA sec. 201(a), Pub. L. 97-248, 96 Stat. 411. In making revisions to the AMT, Congress had "one overriding

---

[2]  Currently miscellaneous itemized deductions are not classified as tax preferences; rather, sec. 56(b) imposes "Adjustments Applicable to Individuals", including the disallowance of these deductions.

objective: no taxpayer with substantial economic income should be able to avoid all tax liability by using exclusions, deductions and credits. * * * The only deductions allowed, other than costs of producing [investment] income, are for important personal or unavoidable expenditures * * * or for charitable contributions". S. Rept. 97-494, at 108 (1982).

It is apparent that any difference in the AMT treatment of the expenses of employees and the self-employed is rationally related to Congress' goal of implementing a broad based tax system. As the 1944 legislative history indicates, trade or business expenses of the self-employed are deductible "above the line" to achieve parity in treatment with other taxpayers. The rationale behind this dichotomy applies with equal force to the AMT, as the distinction levels the field for employees and the self-employed for the application of the AMT. Neither class of taxpayer may deduct miscellaneous itemized deductions in calculating AMT.

Petitioner contends, however, that he is not a high-income taxpayer. To a great extent what constitutes a "high-income" taxpayer or a taxpayer having "substantial economic income" lies within the eyes of the beholder. Nonetheless, Congress, in addition to other adjustments, provided a so-called exemption amount of $20,000, for married taxpayers filing separate returns, in computing the amount of the AMT. Sec. 55(d). This provides the statutory parameter, and petitioner falls within that

parameter.  As Judge Garth observed in <u>Estate of Kunkel v. United States</u>, 689 F.2d 408, 416 (3d Cir. 1982):

> It is not for the courts to conduct a more exacting inquiry into the "true" purpose of the statute, or to ask whether some alternative means would have been more closely tailored to achievement of the end sought.

In sum, to the extent there is a distinction between employees and self-employed individuals in the application of the AMT, it is a permissible byproduct of Congress's pursuit of a legitimate governmental end.  Whether another approach could have been taken is beyond our limited scope of judicial review of the determinations made by the legislative branch.

Based on the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.