T.C. Summary Opinion 2011-63


UNITED STATES TAX COURT


PAMELA ANNETTE WHITLEY, Petitioner,
AND JACK G. WOODS, Intervenor <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 24236-09S.                    Filed June 1, 2011.


Pamela Annette Whitley, pro se.

Jack G. Woods, pro se.

<u>Amber N. Becton</u>, for respondent.


RUWE, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code as amended.

be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

The only issue is whether petitioner is entitled to spousal relief under section 6015(f) regarding her joint tax liabilities for 2003 and 2004.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.

At the time the petition was filed, petitioner resided in Tennessee.

Petitioner and intervenor (herein sometimes referred to as the taxpayers) timely filed joint Federal income tax returns for taxable years 2003 and 2004. Petitioner prepared the returns for both years. For taxable year 2003 the taxpayers filed a Schedule C, Profit or Loss From Business, for petitioner on which they reported income of $13,546 and claimed expenses of $68,302, resulting in a net loss of $54,756. The taxpayers also filed a Schedule C-EZ, Net Profit From Business, for intervenor on which they reported income of $18,272 and claimed no expenses. Petitioner and intervenor also reported early distributions from their qualified retirement plans of $1,542 and $1,049, respectively, for 2003.

With their 2004 return the taxpayers filed a Schedule C for petitioner on which they claimed expenses of $28,243 and a net loss of $29,959. Respondent audited the taxpayers' 2003 and 2004 returns and issued them a statutory notice of deficiency with respect to their income tax liabilities for those years. In the notice of deficiency respondent disallowed part of the Schedule C expenses, exemptions, and itemized deductions the taxpayers claimed for 2003 and 2004. The disallowed deductions for both years were attributable to petitioner's Schedules C. Respondent also determined that the taxpayers were liable for the accuracy-related penalty under section 6662 for the 2003 and 2004 taxable years, as well as additional tax on early distributions from qualified retirement plans under section 72(t) for 2003. Petitioner and intervenor did not file a petition to the Court in response to the notice of deficiency.

Subsequently, on January 10, 2007, following her bankruptcy attorney's advice, petitioner informed the Internal Revenue Service (IRS) that she was going to file for bankruptcy and requested that the IRS place a lien on her residence in Knoxville, Tennessee, which she owned jointly with intervenor. Petitioner believed that if a lien were placed on the home before she filed for bankruptcy, any eventual sale would lead to the satisfaction of her income tax liabilities for 2003 and 2004. On February 2, 2007, petitioner filed a chapter 7 bankruptcy

petition.  On April 25, 2007, the IRS filed a proof of claim listing $11,235.21 in unsecured priority claims for tax years 2002, 2003, and 2004 and $2,453.92 in unsecured general claims for penalties.  As part of petitioner's bankruptcy proceeding, the jointly owned residence was sold.  The residence was the only significant asset in the bankruptcy estate.  After the outstanding mortgage on the property and the administrative expenses associated with the sale were paid, the proceeds were divided equally between petitioner's bankruptcy estate and intervenor.  The IRS was to receive $2,630.14 for its unsecured priority claim as a distribution from the bankruptcy trustee.

On June 19, 2007, an order of discharge was entered in petitioner's bankruptcy case.  Petitioner and intervenor divorced in July 2007.

On October 10, 2008, petitioner submitted to respondent a Form 8857, Request for Innocent Spouse Relief, in which she requested relief from joint tax liabilities for 2003 and 2004. Respondent issued petitioner a preliminary determination, dated June 10, 2009, that she was not entitled to relief from the joint liabilities as an innocent spouse.  In response to respondent's preliminary determination, petitioner filed a statement of disagreement with respondent.  On July 16, 2009, respondent issued a final Appeals determination denying petitioner's request

for relief.  On October 13, 2009, petitioner filed a petition with this Court.

## Discussion

Petitioner's only argument is that she in entitled to equitable relief under section 6015(f) because the IRS should have filed a lien against her residence before she filed for bankruptcy.  She alleges that had that been done, all or most of her unpaid tax liabilities would have been satisfied.  Petitioner contends that respondent made affirmative misrepresentations to her regarding the existence of a tax lien on her home before its sale in bankruptcy and that those misrepresentations led to her home being sold by the bankruptcy trustee without her tax liabilities being fully satisfied.  Petitioner argues that she is entitled to equitable relief because she requested that the IRS place a lien on her home before it was sold in bankruptcy and the IRS incorrectly assured her that one had been put in place before the sale.[2]  Petitioner contends that as a result of respondent's misrepresentations her tax liabilities were not satisfied by the sale and, therefore, respondent should be equitably estopped from collecting the liabilities.  We must decide whether petitioner is

---

[2]At trial and on brief, petitioner did not contend that she meets the requirements to qualify as an innocent spouse under sec. 6015(b) or (c) or make any other argument for equitable relief.

relieved from liability for the understatements of tax by equitable estoppel.

Equitable estoppel is a judicial doctrine that precludes a party from denying his or her own acts or representations which induced another to act to his or her detriment. Hofstetter v. Commissioner, 98 T.C. 695, 700 (1992); Graff v. Commissioner, 74 T.C. 743, 761 (1980), affd. 673 F.2d 784 (5th Cir. 1982). It is well settled that the Government may not be estopped "on the same terms as any other litigant." Office of Personnel Management v. Richmond, 496 U.S. 414, 419 (1990); Heckler v. Cmty. Health Servs. Inc., 467 U.S. 51, 60 (1984). Equitable estoppel should be applied "against the Government with utmost caution and restraint". Schuster v. Commissioner, 312 F.2d 311,(9th Cir. 1962), affg. in part and revg. in part 32 T.C. 998 (1959). Any successful attempt to invoke equitable estoppel against the Commissioner must outweigh the policy consideration in favor of "an efficient collection of the public revenue". Id.

In order to invoke the doctrine of equitable estoppel against the Government, petitioner must satisfy the following conditions: "(1) A false representation or wrongful, misleading silence by the party against whom the opposing party seeks to invoke the doctrine; (2) an error in a statement of fact and not in an opinion or statement of law; (3) ignorance of the true facts; (4) reasonable reliance on the acts or statements of the

one against whom estoppel is claimed; and (5) adverse effects of the acts or statement of the one against whom estoppel is claimed." Norfolk S. Corp. v. Commissioner, 104 T.C. 13, 60 (1995), affd. 140 F.3d 240 (4th Cir. 1998); see also Miller v. Commissioner, T.C. Memo. 2001-55.

In addition, estoppel requires at least a minimum showing of some affirmative misconduct by a Government agent. United States v. Guy, 978 F.2d 934, 937 (6th Cir. 1992). To establish affirmative misconduct, the party claiming equitable estoppel against the Government must establish "'more than mere negligence, delay, inaction, or failure to follow an internal agency guideline'". Fisher v. Peters, 249 F.3d 433, 445 (6th Cir. 2001) (quoting Ingalls Shipbuilding, Inc. v. Office of Workers' Comp. Programs, U.S. Dept. of Labor, 976 F.2d 934, 938 (5th Cir. 1992)).

Even if the Court were to accept petitioner's testimony as to respondent's misrepresentations regarding the status of the lien, we conclude that petitioner has not established the elements necessary for estoppel because she failed to show that respondent's misrepresentations amounted to affirmative misconduct. It is well settled that a Government agent's providing inaccurate information does not constitute affirmative misconduct. See Socop-Gonzalez v. INS, 272 F.3d 1176, 1184 (9th Cir. 2001) (negligently providing misinformation or incorrect

advice is not affirmative misconduct); <u>United States v. Manning</u>, 787 F.2d 431, 437 (8th Cir. 1986).

On the basis of the foregoing, we hold that the doctrine of equitable estoppel cannot be invoked to relieve petitioner from liability for the understatements of tax for the years at issue.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.