ROSS LAWRENCE LINK, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 44158-85. Filed March 17, 1988.

---

*Ross Lawrence Link*, pro se.
*James E. Kagy*, for the respondent.

GERBER, *Judge:* Respondent, in a statutory notice of deficiency dated September 18, 1985, determined a deficiency in petitioner's income tax of $1,383.76 for taxable year 1983. The sole issue for our decision is whether, petitioner should be allowed to deduct expenses incurred to obtain a master's degree in business administration (MBA).

FINDINGS OF FACT

Petitioner resided in Cincinnnati, Ohio, when the petition was filed in this case. The stipulated facts and exhibits are incorporated herein by this reference.

Petitioner graduated from Cornell University in May 1981 with a bachelor's degree in operations research. Operations research, or management science, is a discipline that uses mathematical and computer models to aid in decision making. Employment in the field of operations research does not require a master's degree.

Following his graduation from Cornell, petitioner was employed by Xerox Corp., in their corporate market intelligence organization, to develop market research analytic procedures. Petitioner was employed full time at Xerox and performed the same duties as other analysts. One of his tasks was to aid in designing a copier using market research information. Petitioner was employed at Xerox from June 1981 to September 1981. Xerox did not require an MBA degree to obtain or retain such a position. He could have continued with Xerox had he not decided to attend the University of Chicago. While employed by Xerox, petitioner

filed a Form W-4 indicating that no taxes should be withheld because he was short on cash and uncertain whether he would pursue the MBA.

Petitioner was uncertain whether he would attend graduate school or pursue full-time employment in his field following graduation from Cornell. Prior to graduating from Cornell, petitioner took the GMAT examination, a prerequisite to entering graduate school. While still enrolled as a student at Cornell, petitioner applied to and was accepted by the MBA program at the University of Chicago, and subsequently notified the University of Chicago of his intention to enroll. Having decided he would benefit from an MBA, at the end of the summer of 1981, petitioner began graduate school. Petitioner attended the University of Chicago from September 1981 until May 1983, when he was awarded his MBA degree.

From September 1981 until May 1982, petitioner was employed by the University of Chicago as a research assistant. In this capacity, petitioner assisted in developing a marketing data base for the Center for Research and Marketing. During his employment as a research assistant, petitioner earned approximately $300 in 1981, and $850 in 1982.

In June 1982, petitioner was hired by Northwest Industries, Inc. (Northwest), as an intern.[1] Petitioner worked full time at Northwest during the summer of 1982 and part time thereafter until June 1983.

Upon completion of his graduate studies, during June of 1983, petitioner began work for Proctor and Gamble as an operations research analyst. Procter and Gamble did not require an MBA as a prerequisite for the analyst position for which petitioner was employed.[2] Procter and Gamble currently employs analysts who have obtained only a bachelor's degree in operations research in similar positions.

For taxable year 1983, petitioner deducted $3,629 as educational expense. Respondent disallowed the deduction based upon his determination that petitioner failed to

---

[1] A prerequisite to employment by Northwest as an intern was completion of 1 year of graduate study. Northwest also requires an MBA degree from its applicants prior to permanent employment.

[2] Although Procter and Gamble did not require a master's degree, we do not know whether petitioner's master's degree influenced Procter and Gamble's decision to hire petitioner.

establish that the expenses were ordinary and necessary in carrying on a trade or business, or incurred primarily to maintain or improve skills required in petitioner's employment, trade, or business, or to meet the express requirements of his employer.

## OPINION

Section 162(a)[3] allows a deduction for the ordinary and necessary expenses incurred in carrying on a trade or business. Section 1.162-5, Income Tax Regs., defines which educational expenses will be considered as ordinary and necessary in carrying on a trade or business.

Expenditures made by an individual for education * * * are deductible as ordinary and necessary business expenses * * * if the education—
 (1) Maintains or improves skills required by the individual in his employment or other trade or business, or
 (2) Meets the express requirements of the individual's employer * * *

If the expenses are incurred for education required for initial qualification in the trade or business or if the education qualifies the individual for a new trade or business, they are nondeductible. Sec. 1.162-5(b)(2), (3), Income Tax Regs.

Implicit in both section 162 and the regulations is that the taxpayer must be established in a trade or business before any expenses are deductible. The question of whether petitioner was established in a trade or business is one of fact which we must discern from the evidence in this record. Respondent contends that petitioner was not established in his trade or business prior to entering the MBA program in 1981, citing *Reisine v. Commissioner,* T.C. Memo. 1970-310,[4] in support of that position. Petitioner contends he was established in a trade or business relying upon *Ruehmann v. Commissioner,* T.C. Memo. 1971-157. In *Reisine,* the taxpayer was an engineer who was employed by Bendix for 1 year prior to attending New York University to obtain a master's and Ph.D. degrees in engineering. The expenses in that case were disallowed because the taxpayer

---

[3]All section references are to the Internal Revenue Code of 1954 as amended and in effect during the year at issue.
 [4]Respondent also cites *Lenihan v. Commissioner,* T.C. Memo. 1977-379, and *Cornish v. Commissioner,* T.C. Memo. 1970-51, in support of his position.

was not sufficiently established in a trade or business. In *Ruehmann,* the taxpayer had passed the Georgia bar and had obtained his law degree prior to commencing employment with a law firm in June 1967. The law firm had accepted him as a permanent associate and it was the firm's policy to permit leaves of absence to pursue graduate legal studies. Prior to graduation from law school, he had been accepted into a Master of Laws (LLM) program at Harvard University. He worked for the law firm from June until September 1967, and then commenced the 1-year LLM program. The taxpayer was allowed to deduct the expenses of attending Harvard based on a finding that he was engaged in a trade or business. Both *Reisine* and *Ruehmann* are based upon factual findings in a specific case and neither case is dispositive of the issue in this case, as a legal or factual precedent. See *Nico v. Commissioner,* 67 T.C. 647, 654 (1977), affd. in part and revd. in part on other issues 565 F.2d 1234 (2d Cir. 1977). After reviewing the record in this case, and despite an effective pro se presentation and briefs by petitioner, we find that petitioner was not established in a trade or business prior to enrolling in the MBA program, and thus his expenses are not deductible.[5]

There are a number of factors indicating that petitioner's employment at Xerox was merely a temporary hiatus in a continuing series of academic endeavors. The first is the period of time of employment, both in absolute and relative terms. Petitioner worked only 3 months at Xerox before leaving to attend graduate school. While we decline to set a minimum period of time that one must be employed, such a short period of time is relevant evidence. In addition, viewing petitioner's post-high school activities as a continuum, he was employed in his field only 3 months out of a total of 6 years. Moreover, he effectively ceased employment when he returned to school.[6] The job at Xerox was but another summer position in an otherwise continuous

---

[5] We do not doubt that petitioner was qualified to engage in a trade or business as an operations research analyst, or similar position. However, qualification is not the same as "carrying on" a trade or business.

[6] Petitioner's position at the University of Chicago was only available to students. His employment at Northwest required enrollment in an MBA program, and, in order to continue employment with Northwest, petitioner had to successfully complete the master's program.

pattern of schooling which petitioner decided he needed prior to establishing himself in a trade or business.

Additionally, petitioner had already applied to and was accepted by the University of Chicago. He was, admittedly, somewhat undecided about the course he would pursue after graduating from Cornell, but his action belies his words. His Form W-4 indicated exemption from withholding and seems more in line with petitioner's status as a student rather than an employee.[7] The cumulative effect of this and other evidence is that petitioner did not establish himself in a trade or business.[8]

In a different context, carrying on a trade or business has been defined as entailing considerable, continuous, and regular activity. *Continental Trading, Inc. v. Commissioner,* 265 F.2d 40 (9th Cir. 1959); *Linen Thread Co. v. Commissioner,* 14 T.C. 725 (1950). Petitioner's employment at Xerox was more in the nature of a sporadic and isolated deviation from his "career" as a student.

To reflect the foregoing,

*Decision will be entered for the respondent.*

---

[7] Although petitioner contended that he was short of cash, it is also likely that he did not intend to make sufficient income to require payment of Federal income tax.

[8] Under the circumstances of this case, petitioner's graduate studies were not "ordinary and necessary" expenses connected with his employment at Xerox. This is not to say that expenses incurred incident to summer or part-time employment are not deductible. Our holding here is that petitioner did not establish himself in a trade or business for which the cost of his graduate education would be deductible.

