JOSEPH FRANKLIN AND DEE MARIE MARTEL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Martel v. Commissioner
Docket No. 17418-87
United States Tax Court
T.C. Memo 1990-369; 1990 Tax Ct. Memo LEXIS 395; 60 T.C.M. (CCH) 173; T.C.M. (RIA) 90369; July 23, 1990, Filed *395 Decision will be entered for the respondent. Joseph Franklin Martel, pro se. Louise R. Forbes, for the respondent. HAMBLEN, Judge. HAMBLEN
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined deficiencies in the amounts of $ 455 and $ 267 in petitioners' 1983 and 1984 Federal income taxes respectively. After concessions by petitioners, the *396 only remaining issue is whether petitioners are entitled to a deduction for expenses incurred in pursuit of a medical degree. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners, Joseph Franklin Martel (hereinafter petitioner) and Dee Marie Martel (together hereinafter referred to as petitioners), cash basis calendar year taxpayers, resided at 2800 Pierce Avenue, El Paso, Texas, at the time the petition in this case was filed. Petitioners filed their joint Federal income tax return for the taxable year 1983 with the Director, Internal Revenue Service Center, Andover, Massachusetts. Petitioners filed their joint Federal income tax return for the taxable year 1984 with the Director, Internal Revenue Service Center, Austin, Texas. Petitioner received his doctor of philosophy (Ph.D.) in psychology from Syracuse University on December 24, 1981. As part of the doctorate program, petitioner was required to write a thesis, which is copyrighted and recorded in the Library of Congress. In January or February of 1982, petitioner traveled to Juarez, *397 Mexico, to enroll in preparatory classes to enable him to understand Spanish medical terms and to diagnose and treat Spanish-speaking patients. In the spring of 1982, petitioner began his medical studies at the Universidad Audonoma de Ciudad in Juarez, Mexico (the "University"). As part of his course of study at the University, petitioner was required to write a thesis. Petitioner worked on this thesis from 1982 until June of 1984, when he received notification that he had complied with the thesis requirement. In June 1984, petitioner completed the legal requirements and passed the professional examination necessary to receive the title of "Physician and Surgeon" by the University. Petitioner left the University after receiving this title. After two years of required clinical clerkships, petitioner received his degree in medicine in May or June of 1986. Petitioner is a certified psychologist in the State of Texas, which has specific requirements for certification of psychologists. Petitioner met some of these requirements with the educational work done at the University. Respondent, in his notice of deficiency issued on March 10, 1987, disallowed petitioners' deductions *398 for employee business expenses in the amount of $ 8,607.52 for the taxable year 1983 and $ 5,216.58 for the taxable year 1984. Respondent also disallowed $ 2,582.29 of petitioners' claimed miscellaneous deductions for the taxable year 1984. The employee business expenses of $ 8,607.52 claimed for taxable year 1983 and the disallowed miscellaneous deductions of $ 2,582.29 claimed for the taxable year 1984 were expenses necessary for the completion of petitioner's thesis at the University. The employee business expenses of $ 5,216.58 claimed for the taxable year 1984 were expenses for clinical internships, a requirement of petitioner's studies at the University. As a result of the disallowed deductions, respondent determined deficiencies in tax in the amounts of $ 455 for taxable year 1983 and $ 267 for taxable year 1984. OPINION Petitioner contends that the expenses incurred in pursuit of his medical degree are deductible as an employee business expense under section 162. [1] Alternatively, petitioner contends that the expenses should be deductible as research and development expenses under section 174. *399 Respondent denies deductions on the basis that petitioner never entered a trade or business, as required by sections 162 and 174, before commencing his medical studies. We agree. Section 162(a) allows as a deduction "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." Section 1.262-1(b)(9), Income Tax Regs., provides that expenses incurred or paid by "a taxpayer in obtaining an education or in furthering his education are not deductible unless they qualify under section 162 and section 1.162-5," Income Tax Regs. Educational expenses are considered ordinary and necessary in carrying on a trade or business if they (1) maintain or improve skills required by an individual in his employment or (2) meet the express requirements of the individual's employer, or the requirements of applicable law or regulations for retention of the individual's existing employment. Sec. 1.162-5(a), Income Tax Regs. The taxpayer must be established in a trade or business before any educational expenses are deductible under section 162. Link v. Commissioner, 90 T.C. 460, 463 (1988). Petitioner continued his educational *400 pursuits without ever entering a trade or business. Petitioner graduated from Syracuse in December of 1981 and immediately began preparation for his medical education in January or February of 1982. Petitioner presented no evidence that he had ever entered any trade or business between the completion of his Ph.D. at Syracuse and his enrollment in the medical program at Juarez, Mexico. Accordingly, petitioner's educational expenses are not deductible under section 162. We have considered petitioner's other arguments and find them wholly unpersuasive and without merit. To reflect the foregoing, Decision will be entered for the respondent . Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue.↩