T.C. Summary Opinion 2002-44

UNITED STATES TAX COURT

JON R. ECKER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5027-00S.              Filed April 29, 2002.

David C. Wagner (specially recognized), for petitioner.

Stephen J. Neubeck, for respondent.

DEAN, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year at issue.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency of $3,940 in petitioner's Federal income tax for 1996. Petitioner conceded that he is not entitled to a deduction for education expenses relating to his wife. Thus, we must decide whether the expense incurred for pilot training is deductible from petitioners' gross income under section 162. We hold that it is.

## Background

The stipulation of facts and the accompanying exhibits are incorporated herein by reference. Petitioner resided in Kingwood, Texas, at the time the petition in this case was filed.

In the 1980s, petitioner served in the U.S. military. Petitioner retired from the service in 1991. While in the service he trained on and was certified to fly helicopters. He served as a helicopter test pilot. Petitioner also flew and was familiar with the systems and operations of a U-21 aircraft, a military version of the Beech 1900D, a fixed-wing aircraft.

In 1984, petitioner received the Federal Aviation Administration's (FAA) certified fixed-wing private rating, allowing him to fly a small single-engine aircraft such as a Cessna or a Piper. When petitioner left the service it was difficult to secure employment as a pilot because the number of pilots exceeded the number of positions available. As a result, petitioner sought to increase his FAA fixed-wing rating through more classes and flight time. On March 16, 1992, petitioner

received his multiengine instrument rating which permits pilots to fly multiengine aircraft like the Beech 1900D. On May 27, 1992, petitioner received his multiengine commercial pilot rating (CPR) which qualifies pilots to fly commercial jets for hire. In 1994, petitioner received his airline transport pilot rating (ATPR), the FAA's highest rating, which authorizes a pilot to fly as a captain with an airline company.

From July 1995 until February 1996 petitioner worked for Era Aviation (Era) in Lake Charles, Louisiana. He worked as a helicopter pilot transporting both people and equipment to and from offshore oil rigs in the Gulf of Mexico. At no point prior to February 4, 1996, had petitioner flown as a commercial airline pilot on a fixed-wing airplane.

In late January 1996, petitioner was approached by a Continental Express Airlines (CE) captain who suggested that petitioner apply to be a pilot with CE. After submitting his application, petitioner was invited for an interview. Shortly after completing the interview process, a representative from CE offered petitioner a job. The representative informed him that his first task was to attend the required new-hire training which was to begin on February 4, 1996. At the time, all new hires were required to pay CE $7,500 for their training and orientation. On February 17, 1996, petitioner paid the $7,500

training fee with a personal check made out to "Continental Express".

Every pilot hired to fly with CE was required to take the Beech 1900D training program regardless of the pilot's level of experience. Pilots were required to successfully complete new-hire training prior to their assignment to commercial flights. The requirement that newly hired pilots complete a training program is commonplace among commercial airlines.

CE's new-hire training included a substantial amount of corporate indoctrination. The training also took the pilots through CE's operations manual and 2 to 3 days of aircraft systems training. The systems training included "a handout of the systems of a Beech 1900D, the air-conditioning systems, the pressurizations, electrical hydraulic, and so forth, and * * * an overview of the systems." Pilots were required to fly the aircraft and show the instructors that they were proficient with the aircraft's operating systems. Each pilot flew approximately four night training flights, and on the fifth flight an instructor determined whether the pilot was fit to fly for CE. Petitioner's instructor determined that his skills and abilities qualified him to begin accepting regular CE piloting assignments.

## Discussion

Education Expense Deduction

Petitioner invites us to reach our decision by determining whether the FAA or the employer is the proper source to establish "minimum educational requirements" for a pilot's position. Because we find that petitioner was not established in the trade or business of being a pilot prior to beginning CE's training, we need not reach the issue urged by counsel.

Section 162(a) allows a deduction for all ordinary and necessary expenses paid or incurred by a taxpayer in carrying on any trade or business.

Section 262, however, expressly provides that no deduction is allowable for personal, living, or family expenses. Section 1.262-1(b)(9), Income Tax Regs., provides that expenditures made by a taxpayer in obtaining an education or in furthering his education are not deductible unless they qualify under section 162 and section 1.162-5, Income Tax Regs. Section 1.162-5(a), Income Tax Regs., sets forth objective criteria for deciding whether an education expense is a business, as opposed to a personal, expense. This regulation provides, with certain exceptions not relevant here, that education expenses are deductible business expenses if the education--

> (1) Maintains or improves skills required by the individual in his employment or other trade or business, or

      (2) Meets the express requirements of the
individual's employer, or the requirements of
applicable law or regulations, imposed as a condition
to the retention by the individual of an established
employment relationship, status, or rate of
compensation.  [Sec. 1.162-5(a), Income Tax Regs.]

Implicit in both section 162 and the regulations is that the taxpayer must be established in a trade or business before any expenses are deductible.  Link v. Commissioner, 90 T.C. 460 (1988), affd. without published opinion 869 F.2d 1491 (6th Cir. 1989); Jungreis v. Commissioner, 55 T.C. 581 (1970).  The question of whether petitioner was established in a trade or business is one of fact which we must discern from evidence in the record.  Link v. Commissioner, supra; sec. 1.162-5(b)(2), Income Tax Regs.  Petitioner was employed by CE on February 4, 1996.  One of the questions presented in this case is whether at that point he was established in the trade or business of piloting fixed-wing aircraft.

For the 7 months prior to joining CE, petitioner flew helicopters for Era in the Gulf of Mexico.  His work at Era leads us to conclude that as of February 4, 1996, petitioner was established in the trade or business of piloting helicopters. This Court has held that a helicopter pilot is engaged in a different trade or business than an airline pilot.  Lee v. Commissioner, T.C. Memo. 1981-26, affd. 723 F.2d 1424 (9th Cir. 1984).  Prior to February 4, 1996, petitioner had never flown for or been hired by an airline.  There is no evidence in the record

indicating that petitioner had flown any airplane aside from his time in the service and those on which he trained when working towards his FAA certifications.

Prior to new-hire training petitioner had taken courses and received the highest level of FAA fixed-wing certification. Petitioner, however, had never worked for an airline.  In Wassenaar v. Commissioner, 72 T.C. 1195 (1979), this Court held that being a certified member of a profession is not the same as carrying on that profession for the purpose of section 162(a). While it is possible to argue, because he was hired by CE prior to the commencement of training and because of his FAA certifications, that he was engaged in the trade or business of being a fixed-wing airline pilot for purposes of section 162, "the statute has consistently been construed to require activity prior to the outlay for education."  Kohen v. Commissioner, T.C. Memo. 1982-625.  Petitioner's first day of employment was the same day training started.  The mere establishment of an employer-employee relationship is insufficient for purposes of section 1.162-5, Income Tax Regs.  While no minimum period of activity is articulated by the statute or its regulations, it is clear that one day of employment lacks the essential characteristics of being established in a particular trade or business.  See Link v. Commissioner, 90 T.C. at 464.

Thus, we find that petitioner was not established in the trade or business of piloting fixed-wing aircraft prior to incurring the expense of new-hire training and therefore is not eligible for an education expense deduction.

Unreimbursed Business Expense

Section 162, of course, allows the deduction of business expenses other than education expenses. Generally, a taxpayer is entitled to deduct from gross income ordinary and necessary business expenses that are directly connected with or pertain to the taxpayer's trade or business. Sec. 1.162-1(a), Income Tax Regs. An individual may engage in the trade or business of being an employee. Gapikia v. Commissioner, T.C. Memo. 2001-83. Trade or business expense deductions are allowed for those taxpayers who are not reimbursed for expenses incurred because of their employment. Primuth v. Commissioner, 54 T.C. 374, 377 (1970). If, as a condition of employment, an employee is required to incur unreimbursed expenses, the employee is entitled to a deduction for those expenses. Fountain v. Commissioner, 59 T.C. 696, 708 (1973); Spielbauer v. Commissioner, T.C. Memo. 1998-80; Scalley v. Commissioner, T.C. Memo. 1992-123.

During 1996, and upon commencing training, petitioner was an employee of CE. CE required petitioner, as well as all other newly hired pilots as a condition of employment to attend and pay for new-hire training. CE had two purposes for its new-hire

training, to ensure that the new pilots were proficient with its aircraft, and to ensure the safety of its passengers.  The evidence in the record clearly establishes that petitioner incurred unreimbursed expenses as a requirement of his employment as a pilot with CE.

The expense petitioner incurred for new-hire training is an unreimbursed employee expense.  The miscellaneous business expense deduction, which includes unreimbursed employee expenses, to which petitioner is entitled is deductible on petitioner's Schedule A, Itemized Deductions.  Sec. 162(a); see also sec. 1.162-17, Income Tax Regs.  As an itemized deduction, it is subject to the 2-percent floor; that is, only the amount in excess of 2-percent of petitioner's adjusted gross income may be deducted.  Sec. 67(a); sec. 1.67-1T(a)(1)(i), Temporary Income Tax Regs., 53 Fed. Reg. 9875 (Mar. 28, 1988).

Thus, we find that respondent's determination denying petitioner's deductions was made in error.  We hold that the expense petitioner incurred for new-hire training was a deductible unreimbursed business expense.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

Decision will be entered

under Rule 155.