T.C. Memo. 2013-289

UNITED STATES TAX COURT

ADAM EDWARD HART AND LISA DENNING HART, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23893-12.                       Filed December 23, 2013.

Adam Edward Hart and Lisa Denning Hart, pro sese.

Jeremy D. Cameron and William R. Brown, Jr., for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KERRIGAN, Judge: Respondent determined a deficiency of $2,572 with respect to petitioners' Federal income tax for tax year 2009. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the

**[\*2]** year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. All monetary amounts are rounded to the nearest dollar.

The issue for our consideration is whether petitioners are entitled to a deduction of $17,138 for unreimbursed employee business expenses for petitioner husband's master of business administration (M.B.A.) program tuition for tax year 2009.

FINDINGS OF FACT

Some facts have been stipulated and are so found. Petitioners resided in Florida when they filed the petition.

Petitioner husband graduated from college in 2007. In January 2009 he enrolled in an M.B.A. program with a concentration in finance at Rollins College. From January 1 to approximately April 30, 2009, petitioner husband was an employee of Priority Healthcare Distribution. He was unemployed from approximately May 1 to August 10, 2009. From August 11 to October 1, 2009, he worked for ADP Totalsource as an account manager. From October 2 to 11, 2009, petitioner husband was unemployed. On October 12, 2009, petitioner husband began working as an entry-level professional for Walgreen Co. None of petitioner husband's employers for 2009 required him to attend M.B.A. courses.

[*3]   Petitioner husband received a Form 1098-T, Tuition Statement, for 2009 reporting qualified tuition expenses of $18,600.  Petitioners filed a joint tax return for tax year 2009.  On Schedule A, Itemized Deductions, for their 2009 joint tax return, petitioners reported an itemized deduction of $18,600 on line 21, unreimbursed employee expenses.  Next to the line petitioners wrote "MBA tuition".  Petitioners applied the 2% of adjusted gross income (AGI) threshold to the itemized deduction and reduced it to $17,138.  Respondent disallowed this deduction as an unreimbursed employee business expense.  The unreimbursed employee business deduction is the only deduction in dispute.

OPINION

Petitioners have the burden of proving that respondent's determinations are in error.  See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Petitioners have not claimed or shown that they met the requirements of section 7491(a) to shift the burden of proof to respondent as to any relevant factual issue.

Deductions are a matter of legislative grace and are allowable only as specifically provided by statute.  See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).  Section 162(a) provides a deduction for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business".  Miscellaneous itemized deductions, such as the deduction for

[*4] unreimbursed employee business expenses, are allowed only to the extent that the total of such deductions exceeds 2% of AGI.  Sec. 67(a).

A trade or business expense is ordinary for purposes of section 162 if it is normal or customary within a particular trade, business, or industry, and a trade or business expense is necessary if it is appropriate and helpful for the development of the business.  Deputy v. du Pont, 308 U.S. 488, 495 (1940); see also Welch v. Helvering, 290 U.S. at 113-114.  For such expenses to be deductible, the taxpayer must not have the right to obtain reimbursement from his or her employer.  See Orvis v. Commissioner, 788 F.2d 1406, 1408 (9th Cir. 1986), aff'g T.C. Memo. 1984-533.  Section 262(a) disallows deductions for personal, living, or family expenses.

Section 1.162-5(a), Income Tax Regs., provides that a taxpayer may deduct educational expenses as ordinary and necessary business expenses if the education (1) maintains or improves skills required by the individual in his or her employment or other trade or business or (2) meets the express requirements of the individual's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the individual of an established employment relationship, status, or rate of compensation.  Education expenses, however, are not deductible as ordinary and necessary business expenses if the

**[*5]** education is part of a program of study being pursued by a taxpayer that leads to the taxpayer's qualifying for a new trade or business. Sec. 1.162-5(b)(3)(i), Income Tax Regs.

Petitioner husband contends that he was in the business of selling pharmaceuticals and that the M.B.A. classes he took enabled him to obtain employment in 2009. Respondent contends that petitioner husband was not established in a trade or business in 2009 and that his employers did not require him to enroll in an M.B.A. program.

Implicit in both section 162 and the regulations is that the taxpayer must be established in a trade or business before any expenses are deductible. Link v. Commissioner, 90 T.C. 460, 463 (1988), aff'd without published opinion, 869 F.2d 1491 (6th Cir. 1989). The question of whether a taxpayer was established in a trade or business is one of fact. Id. Respondent contends petitioner husband was not established in a trade or business before entering the M.B.A. program. Petitioner husband contends that he was in a trade or business because he focused on the selling of cancer pharmaceuticals, which is a specialized field. After reviewing the record in this case, and despite an effective pro se representation, we find that petitioner husband was not established in a trade or business before enrolling in the M.B.A. program, and therefore, his expenses are not deductible.

[*6]   Petitioner husband graduated from college only two years before starting his M.B.A. program.  He was an employee with Priority Healthcare Distribution at the same time that he started the M.B.A. program.  The position with Priority Healthcare Distribution lasted for only four months and was followed by over three months of unemployment.  Carrying on a trade or business has been defined as entailing considerable continuous and regular activity.  Id. at 465; see also Cont'l Trading Inc. v. Commissioner, 265 F.2d 40 (9th Cir. 1959), aff'g T.C. Memo.  1957-164; Linen Thread Co. v. Commissioner, 14 T.C. 725 (1950).  Petitioner husband held three different positions during 2009.  Petitioner husband testified that he worked as "an oncology account specialty" promoting sales at Priority Healthcare Distribution and as "an oncology account manager" marketing and selling services at ADP Totalsource; however, he failed to link his employment at Walgreen Co. to cancer pharmaceutical sales.  We do not doubt that petitioner husband was qualified to engage in a trade or business selling pharmaceuticals.  Qualification, however, is not the same as "carrying on" a trade or business.  Link v. Commissioner, 90 T.C. at 464 n.5.  Petitioner husband's employment in the cancer pharmaceutical sales field was not continuous, and there is no evidence in the record that petitioner was carrying on a trade or business before he enrolled in the M.B.A. program.  Because we conclude that petitioner

**[\*7]** husband was not carrying on a trade or business, we need not consider whether petitioner husband's M.B.A. qualified him for a new trade or business.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.