T.C. Summary Opinion 2016-35

UNITED STATES TAX COURT

ALEX KOPAIGORA AND ELIZABETH S. KOPAIGORA, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12382-13S.          Filed August 2, 2016.

<u>Barbara Zanzig Lock</u>, for petitioners.

<u>S. Mark Barnes</u> and <u>Charles B. Burnett</u>, for respondent.

SUMMARY OPINION

NEGA, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case. Respondent determined a deficiency of $2,111 in petitioners' Federal income tax for the 2011 tax year. After concessions, the sole issue for decision is whether petitioners may deduct, as unreimbursed business expenses under section 162, costs incurred by Alex Kopaigora (petitioner) that relate to his pursuit of an executive master of business administration (EMBA) degree.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the accompanying exhibits are incorporated herein by this reference. Petitioners resided in California when their petition was filed.

Petitioner began working for Marriott International Corp. in 2002 as an accounting manager. In June 2006 petitioner accepted a position as senior assistant controller for the Marriott hotel in Los Angeles International Airport (Marriott LAX). In his role as senior assistant controller, petitioner was responsible for managing a team of employees, reviewing employee performances annually, participating in hiring activities, and training employees. Petitioner's duties included preparing financial reports, creating budgets, analyzing financial data, producing forecasts to enable reaction to business changes, and monitoring

different departments' performances. Additionally, petitioner conducted audits, prepared an accounting of taxes, prepared financial reports according to generally accepted accounting principles (GAAP), enforced internal controls, reconciled balance sheets, and ensured compliance with reporting requirements.

In July 2010 petitioner enrolled in the EMBA degree program at Brigham Young University (BYU) in Utah in order to improve his leadership skills in corporate finance and management. Petitioner would work at Marriott LAX on the weekdays and would travel to Salt Lake City, Utah, every other weekend to attend classes at BYU.

Petitioner took the following courses in pursuit of his EMBA degree: Introduction to Management; Introduction to Management 2; Corporate Financial Reporting; Entrepreneurial Management; Leadership; Operations Management; Business Finance; Marketing Management; Management and Information Technology; Human Resources Management; Managerial Accounting 1; Business Ethics; Strategy; Selected Topics in Management; Global Business Negotiations; Strategy Implementation and the General Manager's Role; Foreign Business Excursion; Introduction to Global Management; and Spreadsheets for Business Analysis.

On April 18, 2011, while petitioner was still working towards his EMBA degree, his employment with Marriott International Corp. was terminated for reasons that were later found to be unjustified. After his termination from Marriott International Corp. petitioner continued to pursue his EMBA degree at BYU and look for full-time employment within the corporate finance and accounting field as a controller, assistant controller, senior manager, vice president, or director.

Petitioner graduated from the EMBA degree program in August 2012. On September 2, 2012, petitioner was hired as vice president of finance of Driveit Financial Services (Driveit), a small financing company. As vice president, petitioner was responsible for overseeing department managers, managing and leading a team of employees, supervising employees in daily issues of accounting, cash, risk, and business operations, and participating in hiring and training. Additionally, petitioner was responsible for auditing, accounting for taxes, setting up monthly reporting according to GAAP, and enforcing internal controls.

Petitioners timely filed their 2011 Federal income tax return and claimed an $18,879 deduction for petitioner's EMBA degree expenses as unreimbursed employee expenses on Schedule A, Itemized Deductions. These expenses included charges for petitioner's EMBA tuition, airfare between California and Utah, meals, and mileage. The parties do not dispute that petitioner paid the

expenses for which petitioners claimed a deduction on their 2011 tax return. However, on brief respondent contends that of these expenses $4,332 was paid in 2010 and not in 2011.

## Discussion

The taxpayer bears the burden of proving that he or she is entitled to any deductions claimed. See New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). However, the burden of proof shifts to the Commissioner if the taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the liability of the taxpayer and the taxpayer satisfies certain other conditions. Sec. 7491(a).

Section 162(a) allows a deduction for ordinary and necessary business expenses paid or incurred during the taxable year in carrying on any trade or business. A taxpayer may deduct certain unreimbursed employee expenses as ordinary and necessary business expenses under section 162. Orvis v. Commissioner, 788 F.2d 1406, 1408 (9th Cir. 1986), aff'g T.C. Memo. 1984-533; Lucas v. Commissioner, 79 T.C. 1, 6 (1982).

Education expenses are deductible if they satisfy the general requirements under section 162 as well as the specific requirements under the regulations. Section 162 requires a taxpayer to be presently engaged in a trade or business in

order for education expenses to be deductible.  See Link v. Commissioner, 90 T.C. 460, 463-464 (1988), aff'd, 869 F.2d 1491 (6th Cir. 1989); Schneider v. Commissioner, T.C. Memo. 1983-753.  A taxpayer may be engaged in a trade or business, although unemployed, if the taxpayer was previously involved in and actively sought to continue in that trade or business while pursuing a defined degree program related to his or her line of work.  Furner v. Commissioner, 393 F.2d 292, 294 (7th Cir. 1968) (teacher continued to carry on her trade or business while simultaneously pursuing a graduate degree program and actively seeking employment in her line of work); rev'g 47 T.C. 165 (1966); see also Picknally v. Commissioner, T.C. Memo. 1977-321; Sherman v. Commissioner, T.C. Memo. 1977-301.

The regulations disallow a deduction for education expenses for:  (1) education required to meet the minimum requirements of a taxpayer's trade or business or (2) a program of study leading to the qualification of a taxpayer in a new trade or business.  Sec. 1.162-5(b), Income Tax Regs.  When evaluating whether education expenses qualify the taxpayer for a new trade or business, the Court uses a "commonsense approach" comparing "the types of tasks and activities which the taxpayer was qualified to perform before the acquisition of a particular title or degree, and those which he is qualified to perform afterwards."

Glenn v. Commissioner, 62 T.C. 270, 275 (1974); Weiszmann v. Commissioner, 52 T.C. 1106, 1110 (1969), aff'd, 443 F.2d 29 (9th Cir. 1971); see also O'Connor v. Commissioner, T.C. Memo. 2015-155, aff'd, __ F. App'x __, 2016 WL 3548416 (10th Cir. June 28, 2016).

If the taxpayer can show that neither of the disqualifying factors applies, the taxpayer can deduct the education expenses if the education maintains or improves skills required by the taxpayer in his or her employment or other trade or business. Sec. 1.162-5(a)(1), Income Tax Regs. Required skills in a taxpayer's employment are those skills that are appropriate or helpful in the taxpayer's employment or trade or business. See Knudtson v. Commissioner, T.C. Memo. 1980-455.

A taxpayer who travels away from home primarily to obtain education may deduct the relevant costs for travel, meals, and lodging while away from home provided that the cost of the education is properly deductible under section 162. See sec. 1.162-5(e)(1), Income Tax Regs. However, costs attributable to personal activity, such as recreation, are not allowable as a deduction. See sec. 162(a); sec. 1.162-5(e)(1), Income Tax Regs.

Petitioners argue that they are entitled to deductions for petitioner's unreimbursed employee expenses because petitioner was established in the business of corporate finance and management before commencing his pursuit of

an EMBA degree, he continued to be established in this business during his temporary unemployment, and his EMBA degree did not qualify him for a new trade or business. Furthermore, petitioners claim that they meet the requirements of section 7491(a) to shift the burden of proof to respondent with respect to all factual issues because the parties stipulated that the substantiation of expenses was not at issue in this case and petitioners cooperated with respondent's reasonable requests for information, documents, and meetings.

Respondent argues that petitioner did not carry on his trade or business through the 2011 tax year because he was unemployed for an indefinite period, the EMBA degree was a general degree that did not maintain or improve specific skills required for his employment, and the degree qualified him for a new trade or business.

We believe that the facts support petitioners' argument. When petitioner enrolled in the EMBA degree program, he was a well-established finance and accounting business manager at Marriott LAX. He managed the hotel's financial operations and auditing departments, he was responsible for large groups of employees from various backgrounds and specializations, and he made sure the hotel's business practices were in compliance with GAAP. When his employment was abruptly terminated, he continued to take courses at BYU that improved his

managerial and leadership skills--skills that were appropriate and helpful to his position as a business manager. The courses petitioner chose to fulfill his degree requirements did not qualify him for a new trade or business because he was not qualified to perform new tasks or activities with the conferral of his degree. Instead, petitioner chose courses in a line of study that he was familiar with--management and finance. Even though petitioner took a few courses that were outside this scope, we do not believe that these courses by themselves could have prepared him to enter a new trade or business.

Finally, petitioner's unemployment did not prevent him from continuing his trade or business as a finance and accounting business manager for purposes of section 162. After petitioner's employment at Marriott LAX was terminated he actively sought employment within the corporate finance and accounting field for the remainder of his time at BYU, and his active job search paid off. Soon after he graduated from the EMBA degree program, petitioner was hired by another company to perform duties that were substantially similar to the duties of his former job. Although petitioner was hired after he graduated, nothing in the record suggests that the degree was a prerequisite for the job. See sec. 1.162-5(b)(2), Income Tax Regs. We hold that petitioner's EMBA degree tuition

education expenses are deductible as unreimbursed employee expenses under section 162.

A spreadsheet that petitioners entered into evidence to substantiate petitioner's "EMBA related Expenses" shows that petitioner paid some of these education expenses in 2010 rather than in 2011, the year at issue. Specifically, an entry dated January 1, 2011, lists "2010 Unclaimed EMBA Costs" of $4,332. Despite the parties' stipulation that substantiation of education expenses is not at issue, respondent argued for the first time on brief that $4,332 of petitioners' education expenses was not deductible because it was paid in 2010 rather than in the year at issue. Generally, the Court will not allow a party to raise an issue on brief if consideration of that issue would surprise and prejudice the opposing party. See, e.g., Chapman Glen Ltd. v. Commissioner, 140 T.C. 294, 349 (2013). Clearly, petitioners were not surprised by the timing of the payments petitioner himself made, but to avoid any prejudice to petitioners we reopened the record to allow them to provide evidence regarding the timing of the $4,332 payment of education expenses. In response, petitioners acknowledged that $4,332 of education expenses was actually paid in 2010. We believe the record satisfies respondent's burden under Rule 142(a) as to any new matter raised. This, coupled

with petitioners' admission, is enough to sustain respondent's determination with respect to the deduction for $4,332 of education expenses.

We have considered the other arguments of the parties, and they are not material to our conclusions.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.